**Matilda Mald SCISS, Plaintiff,**

v.

**METAL POLISHERS UNION LOCAL 8A, Metal Production and Novelty Workers Union Local 28A, Angelo LaBarbera, Daniel H. Cook, Stephen Povak, George Ehnat, Eugene Degan, Ira Marder, and Robert Zweig, individually and as trustees of the joint Pension and Welfare Funds of Metal Polishers Union Local 8A and Metal Production and Novelty Workers Union Local 28A, Defendants.**

**No. 82 Civ. 6593 (KTD).**

United States District Court,
S.D. New York.

April 13, 1983.

Jeffrey I. Klein, New York City, for plaintiff.

Sturm & Perl, New York City, for defendants; Robert Kruger, New York City, of counsel.

Mirkin & Gordon, P.C., Great Neck, N.Y., for defendant Daniel H. Cook; Stephen F. Gordon, Jeffrey L. Kreisberg, Great Neck, N.Y., of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiff Matilda Mald Sciss brings this suit pursuant to section 42 U.S.C. § 2000e alleging sexual discrimination against defendant Metal Polishers Union Local 8A, defendant Metal Production and Novelty Workers Union Local 28A and defendant individuals who are named both individually and as trustees of the Joint Pension and Welfare Funds of the two Local Unions. The defendants move to dismiss on the basis that this court lacks subject matter jurisdiction.

Plaintiff alleges in her complaint that for over ten years prior to her discharge on January 7, 1982, she "had been employed and paid by the Joint Welfare and Pension Funds of defendant unions, and had worked as a secretary and claims processing specialist, insuring that the benefits due to the members of the unions were duly received by them." Complaint at ¶ 10. Plaintiff

further alleges that on or about March, 1980, the defendant Angelo LaBarbera assumed the presidency of the defendant Metal Polishers Union and chairmanship of the Joint Pension and Welfare Funds and began to work in the same office where the plaintiff worked. *Id.* at ¶ 11. Plaintiff charges that defendant LaBarbera sexually harassed her under threat of discharge. *Id.* at ¶ 12. The complaint further alleges that LaBarbera compelled the administrator of the Welfare and Pension Funds, Daniel H. Cook, to discharge the plaintiff on the pretext that she had abandoned her job at a time when she claims to have been medically certified as being disabled and unable to return to work. *Id.* at ¶ 12(j).

■ The basis for the present motion to dismiss is the defendants assertion that because the plaintiff was not employed by an employer as defined in 42 U.S.C. § 2000e this court is deprived of subject matter jurisdiction. Section 2000e defines an employer as: "a person engaged in an industry affecting commerce who has *fifteen or more employees* . . . and any agent of such a person . . . ." 42 U.S.C. § 2000e(b) (emphasis added). The plaintiff's employer, the Joint Pension and Welfare Funds, at most employs four people. The defendants argue, therefore, that because plaintiff's employer does not fit within the statutory definition of an employer, the complaint must be dismissed.

Plaintiff raises two arguments in opposition to the motion to dismiss: one, the defendant unions are labor organizations and thus exempt from complying with the statutory minimum, and two, the funds are agents of the defendant unions and therefore also entitled to the same exemption.

In support of her first argument, plaintiff cites the relevant statutory language: "It shall be an unlawful employment practice for a labor organization—(1) to exclude or to expel from its membership, or otherwise discriminate against, any individual because of his . . . sex . . . ." 42 U.S.C. § 2000e–2(c). A labor organization also is defined by statute as any organization: "in which employees participate and which exists for the purpose, in whole or in part, of

dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment." 42 U.S.C. § 2000e(d) (emphasis added). Plaintiff sued the defendant unions and not the funds themselves. She argues that because the statutes do not require a union, which is synonymous with a labor organization, to have fifteen employees before it can be sued for sexual discrimination, her lawsuit is jurisdictionally viable. In support of this argument, plaintiff cites a decision of the Equal Employment Opportunity Commission ("EEOC") exempting unions from the statutory requirements if all other criteria for a "labor organization" are met. Plaintiff's Memorandum of Law at 4. Before the validity of this exemption can be evaluated, however, the threshold question raised in plaintiff's second argument concerning the funds' affiliation with the defendant unions must be resolved. Ms. Sciss is employed by the funds and if the funds are not considered part and parcel of the unions, then the possible exemption for labor organizations does not apply herein.

Plaintiff's second argument contends that the alleged operation of the funds by the defendant unions renders the funds agents of these unions. Ms. Sciss, however, has failed to allege that her employer was not a separate entity from the defendant unions. Her lack of such allegation is consistent with the funds' statutory purpose. Pension and Welfare funds are created for the sole benefit of their members and are required by statute to represent equally both employers and employees in the administration of the fund. 29 U.S.C. § 186(c)(5). The Supreme Court has held that the statutory restrictions imposed upon trust funds are to insure that the fund trustees remain loyal primarily to their beneficiaries and not to the union. *NLRB v. Amax Coal Co.,* 453 U.S. 322, 101 S.Ct. 2789, 69 L.Ed.2d 672 (1981). This fiduciary loyalty is at odds with the plaintiff's argument that the funds are agents of the defendant unions and controlled by these unions. *See NLRB v. Amax Coal Co.,* 453 U.S. at 331–32, 101 S.Ct. at 2795 ("the duty of the management-appointed trustee of an employee ben-

efit fund under section 302(c)(5) [29 U.S.C. § 186(c)(5)] is directly antithetical to that of an agent of the appointing party.").

The legislated separation between the unions and the funds when read in conjunction with the *Amax* case lead to the conclusion that the funds are not agents of the union. Accordingly, plaintiff's strained argument that her employer may fit within a possible statutory exemption for labor organizations must fail. Ms. Sciss was employed by the funds and not the unions, the funds do not employ fifteen or more persons, and therefore her complaint must be dismissed.

▮ Count Three of plaintiff's complaint alleges a violation of Article 15 of the Executive Law of the State of New York. The exercise of pendent jurisdiction over this claim is inappropriate when the federal claims are dismissed before trial. *McLearn v. Cowen & Co.*, 660 F.2d 845, 848 (2d Cir. 1981).

Accordingly, the defendants' motions to dismiss the complaint are granted.

SO ORDERED.