**DISTILLERY, WINE & ALLIED WORK-ERS INTERNATIONAL UNION, LO-CAL UNION NO. 32, AFL–CIO, Plain-tiff–Appellee,**

v.

**NATIONAL DISTILLERS & CHEMI-CAL CORPORATION, Defendant–Appellant.**

No. 89–3265.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 9, 1989.

Decided Jan. 30, 1990.

Rehearing Denied March 9, 1990.

Robert I. Doggett (argued), Cincinnati, Ohio, for plaintiff-appellee.

James K.L. Lawrence, Frost & Jacobs, Cincinnati, Ohio, David N. Shane (argued), Baker & Daniels, Indianapolis, Ind., for defendant-appellant.

Before MERRITT, Chief Judge, WELLFORD, Circuit Judge, and DeMASCIO, Senior District Judge.*

MERRITT, Chief Judge.

Defendant National Distillers seeks review of the District Court's order denying its motion for summary judgment and compelling arbitration. We affirm.

Defendant National Distillers is organized into the Liquor Division and the Chemical Division. National Distillers Liquor Division entered into a collective bargaining agreement with Distillery, Wine & Allied Workers International (the Union). The agreement provided that the Liquor Division would employ only Union members and that any disputes not resolved would be subject to arbitration.

The Liquor Division sent approximately twenty-five employees to the Chemical Division to provide maintenance, janitorial and lawn care services. For some purposes, the employees appear to have been joint employees of both divisions. Although these employees worked at the Chemical Division part time, they remained "employees" of the Liquor Division.

_____

* The Honorable Robert E. DeMascio, Senior Judge of the United States District Court for the Eastern District of Michigan, sitting by designation.

James B. Beam Distilling Company (Jim Beam) bought the Liquor Division from National Distillers in May of 1987, and replaced National Distillers as the employer party to the collective bargaining agreement. The day after the sale was closed, Jim Beam, now the employer of all Liquor Division employees, recalled those workers previously assigned to the Chemical Division. The recalled workers in turn used their seniority to stay at Jim Beam, but less senior employees were less fortunate. Some were demoted while others were terminated altogether as a result of this recall. In order to replace those recalled workers, the Chemical Division hired non-Union employees.

In an attempt to redress these alleged wrongs the Union mailed a grievance to the Chemical Division on June 3, 1987, stating that "on 5–29–87 all union research employees were removed from the plant (25 jobs). Their work is being performed by non-union employees. Their current contract does not expire until 9–30–88." After the Chemical Division returned the grievance, the Union filed a charge with the National Labor Relations Board (NLRB) against both the Liquor and Chemical Divisions, and Jim Beam. The NLRB refused to issue a complaint and the Union then filed an action to compel arbitration in District Court.

Defendant National Distillers filed a motion for summary judgment essentially claiming that the Union should have directed its grievance to Jim Beam. The District Court denied defendant's motion and ordered them to submit to arbitration. It is from this order that defendant appeals.

The sole issue on appeal is whether this matter should go to arbitration. In order to reach that issue we must determine whether National Distillers, including its remaining Chemical Division, is now bound by the arbitration provisions of the collective bargaining agreement. Although the Chemical Division was not explicitly named in the agreement, we find that as a division of National Distillers, which was a signatory, they are bound. The question then becomes whether the issue of hiring non-

Union maintenance employees is subject to arbitration. We conclude that it is.

Although there is a strong federal policy which favors arbitration, *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988); *AT & T Technologies v. Communications Workers of America*, 475 U.S. 643, 650, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648 (1986), courts must decide whether arbitration is appropriate in the first instance. *AT & T Technologies*, 475 U.S. at 649, 106 S.Ct. at 1418; *John Wiley & Sons v. Livingston*, 376 U.S. 543, 546, 84 S.Ct. 909, 912, 11 L.Ed.2d 898 (1964). In deciding whether a grievance should go to arbitration, courts may not inquire into the merits of a particular claim. *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).

■ Because collective bargaining agreements are contracts, parties who are not bound should not be obligated to arbitrate a dispute. *Wiley*, 376 U.S. at 547, 84 S.Ct. at 913; *Steelworkers*, 363 U.S. at 582, 80 S.Ct. at 1352. However, "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Steelworkers*, 363 U.S. at 582–83, 80 S.Ct. at 1352–53. Thus, because the collective bargaining agreement at issue in this case might reasonably be interpreted to include former maintenance employees working jointly at the Liquor and Chemical Divisions, we find that this grievance should be arbitrated. We intimate no view of the merits of the arbitrable claim.

While only parties to collective bargaining agreements are bound generally, in some instances a non-signatory to the agreement may be so closely related to a signatory that both are bound. *Crest Tankers v. National Maritime Union of America*, 796 F.2d 234 (8th Cir.1986); *Carpenters Local Union No. 1846 v. Pratt–Farnsworth, Inc.*, 690 F.2d 489 (5th Cir. 1982), *cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983). The National

Labor Relations Board created the single employer doctrine to treat two or more entities as one under the definition of "employer" of section 2(2) of the NLRA, 29 U.S.C. § 152(2). *Pratt–Farnsworth*, 690 F.2d at 504.

■ The NLRB employs four factors in determining whether two or more related entities can be considered a single employer: (1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership. *Radio & Television Broadcast Technicians Local Union 1264 v. Broadcast Serv. of Mobile, Inc.*, 380 U.S. 255, 85 S.Ct. 876, 13 L.Ed.2d 789 (1965); *see also NLRB v. Don Burgess Constr. Corp.*, 596 F.2d 378 (9th Cir.), *cert. denied*, 444 U.S. 940, 100 S.Ct. 293, 62 L.Ed.2d 306 (1979). Whether two entities will be considered a single employer depends on the circumstances of the case taken as a whole. *Don Burgess*, 596 F.2d at 384 (citing *Local No. 627, Int'l Union of Operating Eng'rs v. NLRB*, 518 F.2d 1040, 1045–46 (D.C.Cir. 1975) *aff'd in part sub nom. South Prairie Constr. Co. v. Local No. 627, Int'l Union of Operating Eng'rs*, 425 U.S. 800, 96 S.Ct. 1842, 48 L.Ed.2d 382 (1976)).

■ In this case we believe that the circumstances taken as a whole warrant a finding of single employer status. Both the Liquor and Chemical Divisions were owned and managed by National Distillers, thus satisfying the second and fourth prongs of the *Radio Union* test. There was also a clear interrelation of operations. For example, some employees of the Liquor Division were sent to work at the Chemical Division, thus satisfying the first prong. There was also central control of both divisions when the agreement was made, and the arbitrator will have to decide, among other things, whether the twenty-five maintenance jobs at the Chemical Division were traditionally Union jobs.

Additionally, there is support both in the collective bargaining agreement itself and from past matters that have been arbitrated for a finding of single employer status. The agreement makes several references to "departments," and the Chemical Division was a department of National Distillers. William Herrmann, National Distillers' Industrial Relations Manager, stated in a deposition that the Chemical Division was considered to be one of the bargaining unit departments. Joint App. at 289. In an arbitration hearing in 1981 one of National Distillers' lawyers stated that the maintenance employees of the Chemical Division were covered under the same agreement, and implied that the Liquor and Chemical Divisions were part of a single entity by stating that they were both divisions of National Distillers. Joint App. at 228.

Therefore we hold that even though the Chemical Division was not a signatory to the collective bargaining agreement, it will still be bound by virtue of its single employer status with the Liquor Division under the umbrella of National Distillers.

Accordingly, the judgment of the District Court compelling National Distillers to arbitrate this grievance is affirmed.