**Richard YARES, Plaintiff,**

v.

**GREAT CLEVELAND PIPEFITTING TRAINING FUND, Defendant.**

**No. 1:89CV1163.**

United States District Court, N.D. Ohio, E.D.

July 17, 1990.

---

Robert Joseph Churilla, Holtz & Holtz, Garfield Heights, Ohio, for plaintiff.

Frank D. Celebrezze, Sindell, Rubenstein, Einbund, Pavilik, Novak & Celebrezze, Cleveland, Ohio, for defendant.

## MEMORANDUM OF OPINION RE DISMISSING CASE

KRENZLER, District Judge.

Plaintiff, Richard Yares, was an instructor employed by defendant, Great Cleveland Pipefitting Training Fund. Defendant is a trust fund created by the collective bargaining agreement between the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of United States and Canada, Local No. 120 (hereinafter "Local 120") and the Mechanical Contractors' Association of Cleveland, Inc. (hereinafter "MCA"). The trust is funded by contributions by all Employers covered by the Collective Bargaining Agreement ("Employers") of eighteen cents per hour for all hours worked by all employees covered by the Agreement. The trust is administered by four trustees and two alternate trustees of which three are appointed by the Employers and three are appointed by Local 120. The funds are used to employ instructors and purchase books and supplies for the purpose of training apprentices and upgrading journeymen in the trade. The trustees administer the funds and have the power to demand payment from the Employers and assess penalties for delinquent payments.

In 1976 or 1977 plaintiff was hired as an instructor for defendant. In 1988 plaintiff was laid off pursuant to the decision of the trustees. Plaintiff was 65 years of age. After exhausting his administrative remedies, plaintiff brought the present action alleging violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, *et seq.* · Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction alleging that defendant is not an "employer" within the meaning of the ADEA, § 630. Section 630 provides in pertinent part:

b) The term "employer" means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

Attached to its Motion to Dismiss defendant provided copies of its Employer's Contribution Report for the Ohio Bureau of Employment Services. These reports reveal that in the year 1987 defendant employed no more than 13 people in any given month. This fact is undisputed by plaintiff. Plaintiff argues that defendant is not the employer standing alone, but rather, defendant and Local 120 and MCA, collectively, comprise the employer within the meaning of § 630(b). The congregate of all the employees of defendant, Local 120 and MCA meets the jurisdictional standard of § 630. For the reasons that follow, this Court finds that defendant alone is the employer of plaintiff and therefore this Court has no jurisdiction to hear this action.

## I.

■ There are four basic factors considered when determining whether more than one enterprise will be considered a single employer in labor or employment actions. These factors are, "(1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership." *Distillery, Wine & Allied Workers Int'l Union, Local Union No. 32 v. National Distillers & Chem. Corp.*, 894 F.2d 850, 852 (6th Cir.1990). These criteria are not met in the present action.

■ A court must take an overview of the case as a whole to determine whether two or more entities shall be treated as one employer. *Id.* The training fund was created for the purpose of training pipefitters. While this training may benefit both MCA and Local 120 by producing better workers, training is not the business of either MCA or Local 120. There is no common record keeping; the three groups do not have meetings in which defendant's business is discussed; the trustees, not the management of either Local 120 or MCA, have complete power to hire and fire employees. All three enterprises have different purposes and functions.

Neither do the three enterprises share a common management. Although the trustees are chosen from within Local 120 and MCA there is no core of people managing defendant, Local 120 and MCA. Defendant does not report, formally or informally, to Local 120 or MCA. Therefore, it cannot be said that the three organizations are merely different branches of one operation. This is especially so when one considers that Local 120 and MCA not only are not a unified enterprise but are comprised of two groups which are often at odds with each other, a labor union and an employer's association.

There is also no centralized control of personnel or labor relations. Although the trustees are appointed by Local 120 and MCA, once they are appointed they have complete control over the administration of the fund. They neither report to, nor are controlled by, management of Local 120 or MCA.

Finally, there is no common ownership of the three entities. The union is owned by its members, MCA is owned by the Employers, and defendant is funded by the Employers who are parties to the Agreement. While there is overlap in the parties involved in each entity, there is no common identity which warrants defining the three as one integrated employer. *Compare, N.L.R.B. v. Elias Brothers Big Boy, Inc.*, 325 F.2d 360 (6th Cir.1963).

## II.

■ Plaintiff also argues that the trustees are "agents" of both Local 120 and MCA. Section 630 of the ADEA includes as an "employer" any one who is an agent of the employer. This argument must also fail. The United States Supreme Court has ruled that employer/union trust funds must be administered by the trustees consistent with the traditional fiduciary duty of trustees toward the beneficiaries. *NLRB v. Amax Coal Co.*, 453 U.S. 322, 101 S.Ct. 2789, 69 L.Ed.2d 672 (1981). Therefore, the trustees of a fund such as the one at bar, cannot be considered agents of the person or organization responsible for appointing them. *Sciss v. Metal Polishers Union Local 8A*, 562 F.Supp. 293 (S.D.N.Y. 1983).

*Conclusion*

It is undisputed that, standing alone, defendant is not an employer within the meaning of the ADEA because it does not employ the requisite number of people during the requisite time period. Therefore, because this Court finds that defendant is neither an agent of Local 120 and MCA, nor are the three organizations an integrated enterprise, this Court does not have subject matter jurisdiction over this action and must dismiss it.