54 F.3d 776
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 ALUMINUM, BRICK & GLASS WORKERS INTERNATIONAL UNION,
AFL-CIO, CLC; ALUMINUM, BRICK & GLASS WORKERS
INTERNATIONAL UNION, AFL-CIO, CLC, Local
No. 429B, Plaintiffs-Appellants,
v.
GENERAL REFRACTORIES COMPANY, Defendant-Appellee.
 No. 94-6139.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1995.
 
 Before: RYAN and DAUGHTREY, Circuit Judges; and HILLMAN, District Judge.*
 ORDER
 The plaintiff union and its local appeal a district court grant of summary judgment for defendant in this action to compel arbitration filed under Sec.301 of the Labor-Management Relations Act, 29 U.S.C. Sec.185. The parties have waived oral argument, and this court agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 Plaintiffs filed their complaint in the district court seeking an order compelling the defendant employer to arbitrate a dispute involving three union members pursuant to the parties' collective bargaining agreement (CBA). The parties filed cross-motions for summary judgment and responses in opposition. In addition, defendant submitted a reply to plaintiffs' response. The magistrate judge recommended that summary judgment for defendant be granted, and plaintiffs filed objections. The district court adopted the magistrate judge's recommendation and granted summary judgment for defendant.
 On appeal, plaintiffs contend that: (1) their cause of action accrued only when defendant finally refused to arbitrate the underlying union grievances; (2) that a dispute regarding an oral agreement to hold the underlying union grievances in abeyance is arbitrable; (3) that the question of timeliness of grievances is arbitrable; and (4) that laches, waiver and estoppel are not applicable to bar plaintiffs' claims. Defendant responds that plaintiffs' claims on appeal are without merit.
 A grant of summary judgment will be reviewed de novo on appeal. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir. 1991). Generally, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir. 1988) (quoting Fed. R. Civ. P. 56(c)). Only factual disputes which may have an affect on the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party. Id. The burden is upon the moving party to show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Thereafter, the nonmoving party must present significant probative evidence in support of the complaint to defeat the motion. Anderson, 477 U.S. at 249-50. The nonmoving party is required to show more than a metaphysical doubt as to the material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Here, summary judgment for defendant was proper.
 Generally, the existence of an arbitration clause in a CBA raises a presumption that a dispute should be submitted to arbitration; this presumption can be overcome only if "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." AT&T Technologies, Inc. v. Communications Workers, 475 U.S. 643, 650 (1986) (quoting United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960)); General Drivers, Local Union No. 984 v. Malone & Hyde, Inc., 23 F.3d 1039, 1043 (6th Cir.), cert. denied, 115 S. Ct. 665 (1994). However, parties not bound under a CBA to arbitrate a dispute should not be required to do so. AT&T Technologies, Inc., 475 U.S. at 648; Distillery, Wine & Allied Workers Int'l Union, Local Union No. 32 v. National Distillers & Chem. Corp., 894 F.2d 850, 851 (6th Cir.), cert. denied, 498 U.S. 820 (1990). Failure to fulfill a mandatory procedural requirement called for in a CBA may render a dispute not subject to arbitration. General Drivers, Local Union 89 v. Moog Louisville Warehouse, 852 F.2d 871, 872-73 (6th Cir. 1988). In this case, the district court concluded that the dispute is not arbitrable because the union did not give timely notice that it intended to pursue arbitration. While the Supreme Court has not decided whether issues involving the timeliness of CBA grievance proceedings should be submitted to arbitration, see United Steelworkers v. Cherokee Elec. Coop., 485 U.S. 1038, 1038-39 (1988) (While, J., dissenting from denial of certiorari), summary judgment for defendant in this case was proper.
 
 
 1
 On appeal, the parties agree that the six-month limitations period in Sec. 10(b) of the National Labor Relations Act is applicable to this action to compel arbitration. 29 U.S.C. Sec. 160(b). See McCreedy v. Local Union No. 971, UAW, 809 F.2d 1232, 1237-39 (6th Cir. 1987). Moreover, the parties agree that an action to compel arbitration ordinarily accrues when an employer takes an unequivocal position refusing to submit a dispute to arbitration. Id. at 1237 (citing Federation of Westinghouse Indep. Salaried Unions v. Westinghouse Elec. Corp., 736 F.2d 896, 902 (3d Cir. 1984)). However, plaintiffs disagree with the district court's conclusion that its cause of action accrued when defendant rejected the underlying grievances more than six months (plus the 10 day period provided under the CBA for giving notice of a demand for arbitration) before the complaint was filed in this case. See McCreedy, 809 F.2d at 1237. Rather, plaintiffs contend that their cause of action did not accrue until their later request for arbitration was rejected by defendant.
 
 
 2
 The essential facts are not disputed. The parties' CBA calls for submission of covered disputes to a three step grievance process after which arbitration may be invoked. The CBA also provides that the union "must" give notice of its intent to "appeal" to an arbitrator within 10 days. The grievances underlying this lawsuit involve three employees who were awarded Kentucky workers' compensation benefits for permanent partial disability due to silicosis contracted in their employment with defendant in the manufacturing of brick. When their workers' compensation benefits expired under state law after 425 weeks, defendant denied the employees reinstatement to their former positions. After grievances were filed on behalf of two employees, plaintiffs and defendant orally agreed to hold these two grievances and the third potential grievance in abeyance pending the outcome of a federal lawsuit then pending in the district court which involved a fourth similarly situated employee. Nonetheless, a second lawsuit was filed in state court alleging state law employment discrimination claims on behalf of all four similarly situated employees. Defendant removed that action to the district court on the basis of diversity of citizenship jurisdiction. Ultimately, a summary judgment for defendant was granted in that case, and this court affirmed for the reasons stated by the district court. Baier v. General Refractories Co., No. 92-5630, 1993 WL 122097 (6th Cir. Apr. 20, 1993) (per curiam).
 
 
 3
 Meanwhile, this court reversed a district court judgment which vacated an arbitrator's award requiring defendant to reinstate the similarly situated employee. General Refractories Co. v. Aluminum, Brick & Glass Workers Int'l Union Affiliated, No. 90-5588, 1991 WL 66050 (6th Cir. Apr. 29, 1991) (unpublished). No further union grievance proceedings resulted until over seven months following this court's decision. Thereafter, defendant took the position that grievances involving the three remaining employees were untimely because they were not pursued promptly following this court's decision and that the employees had simply opted to pursue remedies in the context of the second lawsuit rather than pursue the grievance proceedings. This position was related to a union representative by letters dated April 8, 1992, and August 13, 1992, concluding CBA grievance proceedings. The union requested that the grievances be submitted to arbitration by letter dated September 17, 1992, which the defendant refused by letter dated October 21, 1992. Next, plaintiffs filed the instant action in the district court on March 17, 1993.
 
 
 4
 First, the district court properly concluded that plaintiffs' complaint is barred under the applicable six-month statute of limitations. Defendant unequivocally rejected the grievances no later than its August 13, 1992, letter to a union representative. Thereafter, no request that the dispute be submitted to arbitration was made until September 17, 1992, beyond the 10 day period dictated in the CBA for giving notice of an intent to "appeal" to an arbitrator. Essentially, the six-month limitations period began to run 10 days after defendant took its unequivocal position that grievance proceedings were untimely. See McCreedy, 809 F.2d at 1237. Plaintiffs' contention that filing a belated request for arbitration operates to extend the limitations period is simply without merit. Otherwise, a limitations period could be extended indefinitely simply by making an untimely request for arbitration. Similarly, the oral agreement to hold union grievance proceedings in abeyance expired when defendant took its unequivocal position regarding the timeliness of plaintiffs' arbitration request. Under the circumstances of this case, the district court properly decided that defendant has no duty under the CBA to arbitrate the dispute in the case.
 
 
 5
 Next, plaintiffs' claims that disputes concerning the terms of the oral agreement to hold union grievances in abeyance and of the timeliness of union grievances should be submitted to arbitration are without merit. Generally, matters involving the interpretation or application of a CBA are appropriately submitted to arbitration. United Steelworkers v. Mead Corp., Fine Paper Div., 21 F.3d 128, 132 (6th Cir. 1994). As noted, the Supreme Court has not spoken concerning whether issues of the timeliness of grievance proceedings are arbitrable. However, the timeliness of plaintiffs' arbitration request was properly decided by the district court under the circumstances as discussed. Moreover, the oral agreement to hold the underlying grievances in abeyance is outside the terms of the CBA. Accordingly, the district court properly concluded that these matters need not be submitted to arbitration.
 
 
 6
 Finally, plaintiffs' claim that laches, waiver and estoppel are inapplicable to this case need not be addressed on appeal. These equitable defenses were considered by the magistrate judge only as an alternative ground for granting summary judgment for defendant. While plaintiffs objected to the magistrate judge's conclusion that the defenses are properly considered by the court, see, e.g., Chattanooga Mailers Union, Local No. 92 v. Chattanooga News-Free Press Co., 524 F.2d 1305, 1313 (6th Cir. 1975); Amalgamated Clothing Workers v. Ironall Factories Co., 386 F.2d 586, 591-92 (6th Cir. 1967); but see International Union of Operating Eng'rs, Local 150 v. Flair Builders, Inc., 406 U.S. 487, 491-92 (1972), the district court agreed with the magistrate judge's analysis. Because plaintiffs' complaint is barred under the applicable statute of limitations, the issue of defendant's equitable defenses need not be addressed on appeal.
 
 
 7
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation