Mack MULLINS, SSN: 228–54–0901, Plaintiff,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.

Susie J. BARTON, SSN: 223–88–9637, Plaintiff,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.

Betty Jo WELCH, SSN: 230–32–9948, Plaintiff,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.

Jackie ADAMS, SSN: 227–74–8737, Plaintiff,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.

Earl W. BRITTON, SSN: 226–58–9266, Plaintiff,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.

Jerry BELL, SSN: 226–70–9561, Plaintiff,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.

Glen D. STAPLETON, SSN: 228–56–5552, Plaintiff,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.

Richard HAMLET, SSN: 415–
96–7277, Plaintiff,

v.

Louis W. SULLIVAN, Secretary of
Health and Human Services,
Defendant.

Norman SUTHERLAND, SSN:
231–54–1914, Plaintiff,

v.

Louis W. SULLIVAN, Secretary of
Health and Human Services,
Defendant.

Elmer BOWMAN, SSN: 230–
42–9967, Plaintiff,

v.

Louis W. SULLIVAN, Secretary of
Health and Human Services,
Defendant.

Calvin B. LAWSON, SSN:
314–30–2717, Plaintiff,

v.

Louis W. SULLIVAN, Secretary of
Health and Human Services,
Defendant.

Civ. A. Nos. 87–0077–B, 90–0160–A, 87–
0163–B, 90–0123–B, 91–0003–B, 91–0005–
B, 91–0032–B, 91–0035–B, 91–0021–B,
91–0039–B and 88–0177–B.

United States District Court,
W.D. Virginia.

Oct. 4, 1991.

Larry G. Browning, Lebanon, Va., Joseph E. Wolfe, Norton, Va., H. Ronnie Montgomery, Jonesville, Va., for plaintiffs.

Jean M. Barrett, Kenneth Sorenson, E. Montgomery Tucker, Ray B. Fitzgerald, Jr., Roanoke, Va., for defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge and CYNTHIA D. KINSER, United States Magistrate Judge.

Plaintiffs filed these actions challenging the final decisions of the Secretary of Health and Human Services ("Secretary"), denying their claims for disability insurance benefits and/or supplemental security income benefits under Titles II and XVI of the Social Security Act ("Act"), respectively. 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 *et seq.* respectively. Jurisdiction of this court is pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

In each case, plaintiff alleged that a mental impairment contributed to his or her disability. Consequently, the Secretary requested that each plaintiff undergo a consultative psychiatric or psychological evaluation. The Secretary provided the consultative examiners with a form on which to assess plaintiffs' mental abilities to perform work-related activities. Because the form was different from "Form SSA–1152 (4–84) Test" ("SSA–1152"), the court consolidated these cases in an order dated June 17, 1991 for consideration of whether

the Secretary can use this "revised form." [1] For the reasons stated hereinafter, the court finds that the plaintiffs have not been prejudiced by the use of the "revised form." [2]

## I.

Form SSA–1152 (app. 1) is designed to assess a claimant's mental ability to perform work-related activities. It is divided into three sections, (1) making occupational adjustments, (2) making performance adjustments, and (3) making personal-social adjustments. Each section is subdivided into categories of work-related activities. For example, in the category making occupational adjustments, the psychiatrist or psychologist must evaluate a claimant's ability to follow work rules, relate to co-workers, deal with the public, use judgment, interact with supervisors, deal with work stresses, function independently and maintain attention and concentration. In assessing each work-related activity, the medical evaluator has to indicate whether the claimant's ability is "unlimited/very good," "good," "fair," or "poor or none." These terms are defined as follows:

*Unlimited or Very Good* —Ability to function in this area is more than satisfactory.

*Good* —Ability to function in this area is limited but satisfactory.

*Fair* —Ability to function in this area is seriously limited, but not precluded.

*Poor or None* —No useful ability to function in this area.

Form SSA–1152. (app. 1).

The "revised form" (app. 2) has all the same sections and categories of work-related activities, but it contains five levels of rating a claimant's ability instead of four and defines some of the terms differently. On the "revised form," the terms are defined as follows:

*Unlimited* —Ability to function in this area is not limited by a mental impairment.

*Good* —Ability to function in this area is more than satisfactory.

*Fair* —Ability to function in this area is limited but satisfactory.

*Poor* —Ability to function in this area is seriously limited but not precluded.

*None* —No useful ability to function in this area.

"Revised Form." (app. 2). This form also contains a cautionary note to the evaluator that the definitions are different than those previously used. In all other respects, these two forms are identical.

In 1983, the Social Security Administration's Office of Disability in conjunction with the Office of Hearings and Appeals ("OHA"), established a work group for the purpose of developing a means of obtaining medical assessments that would satisfy the requirements of 20 C.F.R. §§ 404.1513(c)(2) and 416.913(c)(2).[3] These sections require a medical assessment of a mental impairment to include a description of claimant's "ability to reason or make occupational, personal, or social adjustments." This work group developed SSA–1152 which was to be tested in several state disability determination services offices, but "the number of test forms returned did not approach the number needed to represent a statistically valid study." (app. 3). Nevertheless, OHA advised ALJ's and the Appeals Council to use SSA–1152 instead of an older form implemented in 1982.

---

**1.** The court will refer to the form developed and used by the Office of Hearings and Appeals in Middlesboro, Kentucky as the "revised form."

**2.** Because some of these cases were pending before the Honorable Glen M. Williams, Senior United States District Judge and some were pending before the Honorable Cynthia D. Kinser, United States Magistrate Judge, pursuant to consent of the parties entered under the authority of 28 U.S.C. § 636(c)(2), this Memorandum Opinion is entered into by both of the undersigned.

**3.** Effective August 1, 1991, the Secretary has deleted references to medical assessments. 56 Fed.Reg. 36932 (August 1, 1991) to be codified at 20 C.F.R. § 404.1502 *et seq.* Section 404.-1519(n)(c) now provides that a consultative mental report should contain "the opinion of the consultative physician or psychologist about your ability to understand, to carry out and remember instructions; and to respond appropriately to supervision, co-workers and work pressures in a work setting; ...."

Thereafter, the OHA in Middlesboro, Kentucky developed the "revised form" and sent it to the psychiatrists and psychologists to whom they referred claimants for evaluation of mental impairments. Some psychiatrists and psychologists were receiving and using both forms depending upon to which OHA a particular case was assigned. Other OHA's continued to use SSA–1152.

Upon learning of the Middlesboro OHA's use of the "revised form", the Chief Administrative Law Judge directed this office to stop using the "revised form" and instead to utilize SSA–1152. This OHA responded by stating that the use of SSA–1152 was not mandatory and therefore this office would continue to use the "revised form" because it's definitions were less ambiguous.

Plaintiffs, either at the administrative level or before this court, have objected to the use of the "revised form." They argue that the Social Security Administration has failed to follow its own rules and regulations, that this "revised form" has created confusion on the part of the psychiatrists and psychologists, and that their claims have been prejudiced.

## II.

Relying upon this court's decision in *Salling v. Bowen,* 641 F.Supp. 1046 (W.D.Va.1986), plaintiffs contend that the use of the "revised form" violates the rules and regulations of the Social Security Administration and therefore also infringes upon their due process rights. In *Salling,* the court stated:

> Another requirement of due process is that administrative agencies must follow their own rules. As was stated by the Court of Appeals for the Ninth Circuit: When administrative bodies promulgate rules or regulations to serve as guidelines, these guidelines should be followed. Failure to follow such guidelines tends to cause unjust discrimination and deny adequate notice contrary to fundamental concepts of fair play and due process. (Citations omitted).

*Id.* at 1070 (quoting *NLRB v. Welcome–American Fertilizer Co.,* 443 F.2d 19, 20 (9th Cir.1971)). This argument is predicated upon the premise that the use of SSA–1152 is an official rule or regulation of the Social Security Administration. Not only is it not part of any rule or regulation, but SSA–1152 is also not an official form of the Social Security Administration.

The Secretary's regulations require the use of only two forms, the application for disability insurance benefits and supplemental security income, and the Psychiatric Review Technique (PRT), to be completed by disability adjudicators when a claimant has a mental impairment. 20 C.F.R. §§ 404.611, 404.1520(a), 416.310, 416.920(a). The regulations do not mandate the use of SSA–1152 nor do they preclude its use or the use of any other document that will assist in assessing a claimant's mental impairment. The regulations allow a claimant with a mental impairment to submit a medical assessment concerning his "ability to reason or make occupational, personal, or social adjustments," but the form of the assessment is not prescribed. 20 C.F.R. §§ 404.1513(c)(2) and 416.913(c)(2). The regulations also authorize the Secretary to schedule and pay for consultative mental examinations when the evidence is not sufficient, but the consultative examiner is not required to use a particular form upon which to report his findings. 20 C.F.R. §§ 404.1517 and 416.917. The ALJ can admit into the record any evidence that he deems material. 20 C.F.R. §§ 404.944, 404.950, 416.1444 and 416.1450.

Likewise, SSA–1152 is not an "official form". To collect information by using a specified form, an agency must obtain approval from the Office of Management and Budget (OMB), and the form must display an OMB control number. 5 C.F.R. §§ 1320.4 and 1320.7(e)(1). The Secretary never followed these procedures concerning SSA–1152. While SSA–1152 still has on it the designation of "Test," the application for disability insurance benefits is designated as OMB No. 0960–0060.

A further indication that the use of SSA–1152 is not required is in the language of

the Interim Circular No. 175, a part of the Office of Hearings and Appeals Handbook. (app. 3). This circular gives the history of the development of SSA–1152 and addresses its use by stating:

> OHA hearing offices and the Appeals Council *should* begin using these medical assessment forms upon receipt of this Interim Circular. Although SSA is considering methods to obtain medical assessments at the initial and reconsideration levels, OHA has decided to begin using the revised forms immediately within OHA. Therefore, the appropriate form *should* be sent along with the "M" attachment when a consultative examination is requested. The existing medical assessment forms which were implemented by I.C. No. 139 dated August 27, 1982 are now obsolete and *should* be destroyed. (emphasis added).

Interim Circular No. 175. (app. 3). This circular uses the word "should" not "must" or "shall" and therefore, on its face does not mandate or require the use of SSA–1152.

### III.

Plaintiffs contend that their respective claims have been unfairly adjudicated because of the use of the "revised form." They reach this conclusion because the "revised form" employs five levels of rating a claimant's ability to perform work-related activities and changes some of the definitions. For example, the SSA–1152 definition for "unlimited or very good" (Ability to function in this area is more than satisfactory), is used as the definition of "good" on the "revised form." Likewise, the old definition of "fair" (Ability to function in this area is seriously limited, but not precluded), is now the definition for "poor," and "fair" on the "revised form" utilizes the old definition of "good" (Ability to function in this area is limited but satisfactory). The "revised form" has a separate rating of "none" which employs the old definition used for "poor or none."

Consequently, at first glance, it would appear that a medical examiner could become confused in attempting to use the forms. For example, if he intended to rate a claimant's ability to perform a specific work-related activity as "seriously limited but not precluded" and because of his familiarity with SSA–1152, checked the "fair" rating on the "revised form," the claimant has not received an accurate assessment because of the switching of the definitions for the same terms on the two forms. In this example, "fair" on the "revised form" means that the "ability is limited but satisfactory" which is drastically different from the meaning of "fair" on SSA–1152.

While this argument is engaging, the court cannot just assume that such confusion has resulted on the part of the psychiatrists and psychologists using these two forms. Not only does the "revised form" caution the examiner that the definitions are different, but plaintiffs also have made no showing of such confusion nor have any of them demonstrated that they actually received an assessment not in accordance with the examiner's actual intentions and findings. Without such evidence, the court cannot find that any of the plaintiffs have been prejudiced *per se* by a consultative examiner's use of the "revised form" instead of SSA–1152.[4]

The court recognizes the importance of having the Social Security Administration's benefit programs administered uniformly and fairly throughout the nation. However, the "revised form" has not altered the ultimate inquiry concerning disability as defined in 42 U.S.C. §§ 421(a) and 423(a)(1). These two forms are only a means of gathering information about a claimant's mental impairment. Evidence in disability income and supplemental security income cases comes in many contexts, such as formal written reports, doctors' handwritten office notes, and actual testimony from the claimant and others. This variety of evidence does not mean that these benefits programs are not being administered uniformly, nor does the use of two forms

---

4. The court perceives that the definitions on the "revised form" are actually less confusing than those on SSA–1152 and more closely approach a common-sense understanding of the terms.

that elicit essentially the same information create a lack of uniformity.

## IV.

For these reasons, the court finds that plaintiffs have not been prejudiced by the use of the "revised form" instead of SSA–1152 nor does it constitute "good cause" for a remand. Therefore, the court will enter an order in accordance with this memorandum opinion and will also separate these cases for further consideration on the merits. The findings of the court in this memorandum opinion do not necessarily indicate that a particular plaintiff could not have been prejudiced by the use of the "revised form" when considered with all the other evidence in the case, but only that use of the "revised form" *per se* is not prejudicial or a violation of plaintiffs' due process rights.

## ORDER

In accordance with a memorandum opinion filed this day, it is hereby

## ADJUDGED AND ORDERED

that the Secretary's use of a form to assess a claimant's mental ability to perform work-related functions other than "Form SSA–1152(4–84) Test" has not prejudiced the plaintiffs' claims nor violated their due process rights. Their motions for remand on this basis are denied. Therefore, it is further

## ADJUDGED AND ORDERED

that these cases shall be and are hereby separated for further consideration individually on the merits.

The Clerk is directed to send certified copies of this Order to all counsel of record.[1]

## APPENDIX 1

MEDICAL ASSESSMENT OF ABILITY TO DO WORK–RELATED ACTIVITIES (MENTAL)

---

Name of Individual                                                    Social Security Number

---

To determine this individual's ability to do work–related activities on a day–to–day basis in a regular work setting, please give us an assessment–BASED ON YOUR EXAMINATION–of how the individual's mental/emotional capabilities are affected by the impairment(s). Consider the medical history, the chronicity of findings (or lack thereof), and the expected duration of any work–related limitations, but not the individual's age, sex, or work experience.

For each activity shown below:

    (1) Describe the individual's ability to perform the activity according to the following terms:

        Unlimited or Very Good – Ability to function in this area is more than satisfactory.
        Good – Ability to function in this area is limited but satisfactory.
        Fair – Ability to function in this area is seriously limited, but not precluded.
        Poor or None – No useful ability to function in this area.

    (2) Identify the particular medical or clinical findings (i.e., mental status examination, behavior, intelligence test results, symptoms) which support your assessment of any limitations.

---

1. Because some of these cases were pending before the Honorable Glen M. Williams, Senior United States District Judge, and some were pending before the Honorable Cynthia D. Kinser, United States Magistrate Judge, pursuant to consent of the parties entered under the authority of 28 U.S.C. § 636(c)(2), this Order is entered into by both of the undersigned.

IT IS IMPORTANT THAT YOU RELATE PARTICULAR MEDICAL FINDINGS TO ANY ASSESSED
LIMITATION IN CAPACITY: THE USEFULNESS OF YOUR ASSESSMENT DEPENDS ON THE
EXTENT TO WHICH YOU DO THIS.

## I. MAKING OCCUPATIONAL ADJUSTMENTS

Check the blocks representing the individual's ability to adjust to a job and
complete item #9.

| | Unlimited/ Very Good | Good | Fair | Poor or None |
|---|---|---|---|---|
| 1. Follow Work Rules. | | | | |
| 2. Relate to co-workers. | | | | |
| 3. Deal with the public. | | | | |
| 4. Use judgment. | | | | |
| 5. Interact with Supervisor(s). | | | | |
| 6. Deal with work stresses. | | | | |
| 7. Function independently. | | | | |
| 8. Maintain attention/concentration | | | | |

9. Describe any limitatons and include the medical/clinical findings that
support this assessment.

FORM SSA-1152 (4-64) TEST

## II. MAKING PERFORMANCE ADJUSTMENTS

Check the blocks representing the individual's ability to adjust to a job, and
complete item #4.

| | Unlimited/ Very Good | Good | Fair | Poor or None |
|---|---|---|---|---|
| 1. Understand, remember and carry out complex job instructions | | | | |
| 2. Understand, remember and carry out detailed, but not complex, job instructions. | | | | |
| 3. Understand, remember and carry out simple job instructions. | | | | |
| 4. Describe any limitations and include the medical/clinical findings that support this assessment; e.g., intellectual ability, thought organization, memory, comprehension, etc. | | | | |

## III. MAKING PERSONAL-SOCIAL ADJUSTMENTS

Check the blocks representing the individual's ability to adjust personally
and socially:

| | Unlimited/ Very Good | Good | Fair | Poor or None |
|---|---|---|---|---|
| 1. Maintain personal appearance. | | | | |
| 2. Behave in an emotionally stable manner. | | | | |
| 3. Relate predictably in social situations | | | | |
| 4. Demonstrate reliability. | | | | |

5. Describe any limitations and include the medical/clinical findings that
support this assessment.

**IV. OTHER WORK-RELATED ACTIVITIES**

State any other work-related activites which are affected by the impairment, and indicate how the activities are affected. What are the medical/clinical findings that support this assessment?

**V. CAPABILITY TO MANAGE BENEFITS**

Can the individual manage benefits in his or her own best interest?Yes( ) No( )

SIGNATURE/TITLE                                                   DATE

FORM SSA-1152 (4-84) TEST

---

APPENDIX 2

MEDICAL ASSESSMENT OF ABILITY TO DO WORK-RELATED ACTIVITIES (MENTAL)

Name of Individual                          Social Security Number

To determine this individual's ability to do <u>work-related activities</u> on a <u>day-to-day basis in a regular work setting</u>, please give us an assessment—BASED ON YOUR EXAMINATION—of how the individual's mental/emotional capabilities are affected by the impairment(s). Consider the medical history, the chronicity of findings (or lack thereof), and the expected duration of any work-related limitations, but not the individual's age, sex, or work experience.

For each activity shown below:

NOTE: THE FOLLOWING DEFINITIONS ARE DIFFERENT THAN THOSE USED PREVIOUSLY!

(1) Describe the individual's ability to perform the activity according to the following terms:

Unlimited — Ability to function in this area is not limited by a mental impairment.

Good — Ability to function in this area is more than satisfactory.

Fair — Ability to function in this area is limited but satisfactory.

Poor — Ability to function in this area is seriously limited but not precluded.

None — No useful ability to function in this area.

(2) Identify the particular medical or clinical findings (i.e., mental status examination, behavior, intelligence test results, symptoms) which support your assessment of any limitations.

IT IS IMPORTANT THAT YOU RELATE PARTICULAR MEDICAL FINDINGS TO ANY ASSESSED LIMITATION IN CAPACITY: THE USEFULNESS OF YOUR ASSESSMENT DEPENDS ON THE EXTENT TO WHICH YOU DO THIS

## I. MAKING OCCUPATIONAL ADJUSTMENTS

Check the blocks representing the individual's ability to adjust to a job and complete item #9.

| | Unlimited | Good | Fair | Poor | None |
|---|---|---|---|---|---|
| 1. Follow Work Rules | | | | | |
| 2. Relate to co-workers | | | | | |
| 3. Deal with the public | | | | | |
| 4. Use judgment | | | | | |
| 5. Interact with Supervisor(s) | | | | | |
| 6. Deal with work stresses | | | | | |
| 7. Function independently | | | | | |
| 8. Maintain attention/concentration | | | | | |

9. Describe any limitations and include the medical/clinical findings that support this assessment.

## II. MAKING PERFORMANCE ADJUSTMENTS

Check the blocks representing the individual's ability to adjust to a job, and complete item #4.

| | Unlimited | Good | Fair | Poor | None |
|---|---|---|---|---|---|
| 1. Understand, remember and carry out complex job instructions | | | | | |
| 2. Understand, remember and carry out detailed, but not complex job instructions | | | | | |
| 3. Understand, remember and carry out simple job instructions | | | | | |

4. Describe any limitations and include the medical/clinical findings that support this assessment; e.g., intellectual ability, thought or organization, memory, comprehension, etc.

## III. MAKING PERSONAL/SOCIAL ADJUSTMENTS

Check the blocks representing the individual's ability to adjust personally and socially:

| | Unlimited | Good | Fair | Poor | None |
|---|---|---|---|---|---|
| 1. Maintain personal appearance | | | | | |
| 2. Behave in an emotionally stable manner | | | | | |
| 3. Relate predictably in social situations | | | | | |
| 4. Demonstrate reliability | | | | | |

5. Describe any limitations and include the medical/clinical findings that support this assessment.

IV. OTHER WORK-RELATED ACTIVITIES

State any other work-related activities which are affected by the impairment, and indicate how the activities are affected. What are the medical/clinical findings that support this assessment?

V. CAPABILITY TO MANAGE BENEFITS

Can the individual manage benefits in his or her own best interest? YES[ ] NO[ ]

SIGNATURE/TITLE/MEDICAL SPECIALITY                                    DATE

## APPENDIX 3

Department of
HEALTH AND HUMAN SERVICES
Social Security Administration
Office of Hearings and Appeals

November 2, 1984

INTERIM CIRCULAR NO. 175

Office of Hearings and Appeals Handbook

REVISED MEDICAL ASSESSMENTS OF A CLAIMANT'S
ABILITY TO DO WORK-RELATED ACTIVITIES

BACKGROUND — Medical Assessment Workgroup

The Medical Assessment Workgroup was one of the major disability initiatives that resulted from SSA's top-to-bottom review of its disability policies which was begun in the spring of 1983. The main objective of the workgroup was to devise a means of obtaining thorough medical assessments that would satisfy the provisions of regulations 404.1513(c) and 416.913(c), and that would aid adjudicators at all levels of review in making an RFC assessment when needed in the sequential evaluation process. The workgroup developed revised medical assessment forms which were a combination of previous check-block and narrative formats. These revised forms were tested in a pilot study involving DDSs and HOs in Iowa, Texas, and North Carolina. Because of time constraints on the initial pilot study, however, the number of test forms returned did not approach the number needed to represent a statistically valid study. Nevertheless, based on the responses that were received, the medical assessment forms were able to be refined for better clarity and ease of use by physicians. In addition, based upon the results obtained from the study, it is believed that the revised forms represent a significant improvement over the forms currently in use in OHA.

Use of New Medical Assessment Forms

OHA hearing offices and the Appeals Council should begin using these medical assessment forms upon receipt of this Interim Circular. Although SSA is considering methods to obtain medical assessments at the initial and reconsideration levels, OHA has decided to begin using the revised forms immediately within OHA. Therefore, the appropriate form should be sent along with the "M" attachment when a consultative examination is requested. The existing medical assessment forms which were implemented by I.C. No. 139 dated August 27, 1982 are now obsolete and should be destroyed. For DWB cases involving mental impairments, continue to use the Supplemental Questionnaire — M5.2 (OHA Handbook 2-550-10I and 5-40-25G).

SSA Pub. No. 70-074

Photocopies of the attached medical assessment forms should be used until new forms are ready for printing and distribution.

Attachments:

A. Test Form SSA-1151 — Medical Assessment of Ability To Do Work-Related Activities (Physical)

B. Test Form SSA-1152 — Medical Assessment of Ability To Do Work-Related Activities (Mental)