RADIO & TELEVISION BROADCAST TECHNI-
CIANS LOCAL UNION 1264, INTERNATIONAL
BROTHERHOOD OF ELECTRICAL WORKERS,
AFL–CIO, ET AL. *v.* BROADCAST SERVICE OF
MOBILE, INC.

No. 61.   Argued March 2–3, 1965.—Decided March 15, 1965.

*J. R. Goldthwaite, Jr.,* argued the cause and filed a brief for petitioners.

*Willis C. Darby, Jr.,* argued the cause for respondent. With him on the brief was *George E. Stone, Jr.*

*Solicitor General Cox, Arnold Ordman, Dominick L. Manoli* and *Norton J. Come* filed a brief for the United States, as *amicus curiae,* urging reversal.

PER CURIAM.

The union, Radio and Television Broadcast Technicians, challenged the Alabama Circuit Court's jurisdiction over a suit by Broadcast Service of Mobile, the corporate name of Radio Station WSIM, to restrain peaceful picketing by the union and its solicitation of advertisers aimed at persuading them to cease doing business with the station.  It contended that although the annual gross receipts of WSIM are below the National Labor

Relations Board's jurisdictional minimum of $100,000 per year for radio stations, WSIM is an integral part of a group of radio stations owned and operated by Charles W. Holt and the Holt Broadcasting Service and that the annual receipts of the common enterprise are in excess of $100,000, which is determinative under the Board's standards. Stating that every court has judicial power to determine its jurisdiction and that the union failed to allege "that the appellant's [WSIM's] gross business exceeded $100,000 per annum," the Alabama Supreme Court held that the state courts had jurisdiction over WSIM's complaint. We granted certiorari. 379 U. S. 812. The judgment below must be reversed.

Although a state court may assume jurisdiction over labor disputes over which the National Labor Relations Board has, but declines to assert, jurisdiction, 29 U. S. C. §§ 164 (c)(1) and (2) (1958 ed., Supp. V), there must be a proper determination of whether the case is actually one of those which the Board will decline to hear. *Hatties-burg Building Trades Council* v. *Broome*, 377 U. S. 126. The Board will assert jurisdiction over an employer oper-ating a radio station if his gross receipts equal or exceed $100,000 per year, *Raritan Valley Broadcasting Co.*, 122 N. L. R. B. 90, and in determining the relevant employer, the Board considers several nominally separate business entities to be a single employer where they comprise an in-tegrated enterprise, N. L. R. B. Twenty-first Ann. Rep. 14–15 (1956). The controlling criteria, set out and elab-orated in Board decisions, are interrelation of operations, common management, centralized control of labor rela-tions and common ownership. *Sakrete of Northern Cali-fornia, Inc.*, 137 N. L. R. B. 1220, aff'd 332 F. 2d 902 (C. A. 9th Cir.), cert. denied, 379 U. S. 961; *Family Laundry, Inc.*, 121 N. L. R. B. 1619; *Canton, Carp's, Inc.*, 125 N. L. R. B. 483; *V. I. P. Radio, Inc.*, 128 N. L. R. B. 113; *Perfect T. V., Inc.*, 134 N. L. R. B. 575; *Overton Markets, Inc.*,

142 N. L. R. B. 615. The record made below is more than adequate to show that all of these factors are present in regard to the Holt enterprise* and that this is not a case which the Board has announced it would decline to hear. Since the conduct set out in the complaint is regulated by the Labor Management Relations Act, 1947, 29 U. S. C. § 141 *et seq.* (1958 ed.), "due regard for the federal enactment requires that state jurisdiction must yield." *San Diego Building Trades* v. *Garmon,* 359 U. S. 236, 244; *Construction & General Laborers' Union* v. *Curry,* 371 U. S. 542.

*Reversed.*

---

*The United States, as *amicus curiae,* confirms the view that the Board's standards for determining a single employer enterprise were fully satisfied by the structure and operation of the Holt stations.