384

Hillsborough,
No. 5331.

ROBERT J. POKIGO & a.

v.

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS & a.

Argued March 3, 1965.
Decided May 24, 1965.
Motion to remand denied October 5, 1965.

*James M. Winston* (by brief and orally), for the plaintiff.

*Frederic T. Greenhalge* for the intervenor Arthur Costigan, filed no brief.

*Bois & Laflamme* and *Segal & Flamm* (of Massachusetts) (*Mr. Arthur J. Flamm* orally), for the defendants.

WHEELER, J. On June 8, 1964 the defendant filed a plea to the jurisdiction on the grounds that the Superior Court did not have jurisdiction over the subject matter in that the dispute between the parties is within the exclusive jurisdiction of the National Labor Relations Board since said Board has ruled it would assert jurisdiction in this case.

The first contention of the plaintiff is that by filing a general appearance the defendant submitted to the jurisdiction of the Court and has thus forfeited its right to contest jurisdiction. It is well settled law here that parties cannot confer jurisdiction by consent if jurisdiction of the subject matter is lacking. *Keenan* v. *Tonry,* 91 N. H. 220, 222; *Hartnett* v. *Hartnett,* 93 N. H. 406, 407. By filing a general appearance the defendant could not consent or submit to the jurisdiction of the subject matter if it was otherwise lacking, and the plaintiff's exception is overruled.

The plaintiff excepted to the denial of the motion for rehearing. In substance this motion requested that the record be reopened for the purpose of offering evidence "to prove the absence of a bona fide 'labor dispute' . . . . " At the hearing on April 7,

1964 plaintiff's counsel was permitted to introduce evidence through the defendant's business agent regarding a labor dispute and the record does not disclose that he was in any way limited in pursuing this aspect of the case. In the denial of the motion to reopen the case we find no abuse of discretion.

Costigan on March 18, 1964 filed a complaint of unfair labor practices with the Regional Director of the National Labor Relations Board. As a result of this complaint an investigation was undertaken and a motion to intervene was filed by the Regional Director of the National Labor Relations Board which, after reciting certain jurisdictional facts asserted that the National Labor Relations Board had asserted jurisdiction in similar cases.

Thereafter under date of May 27, 1964 the National Labor Relations Board filed an "Advisory Opinion" (147 NLRB No. 26) which advised in part that " . . . on the allegations submitted and the assumptions made herein, the commerce operations of the Primary Employer, Costigan, and those of the secondary employers, including Amoskeag, at the Mt. St. Mary's Seminary High School project in Nashua, New Hampshire, the location affected by the Petitioner's secondary conduct, are such that the Board would assert jurisdiction with respect to labor disputes cognizable under Sections 8 or 10 of the Act."

While Congress had not pre-empted exclusive jurisdiction in the field of labor relations, the point at which State jurisdiction must yield is difficult of ascertainment. "The National Labor Management Relations Act, as we have long before pointed out, leaves much to the states, though Congress has refrained from telling us how much." *Garner* v. *Teamsters Union*, 346 U. S. 485, 488. See 29 U.S.C.A., s. 164(c).

The plaintiff concedes that if the out-of-state in-flow of materials met the jurisdictional standards and there was an "arguable" labor dispute the Court did not have jurisdiction. The finding that the combined in-flow of materials of Amoskeag and Costigan exceeded $50,000 was clearly established. *Siemons Mailing Service*, 122 N.L.R.B. 81, 85; *Hattiesburg Building & Trades Council* v. *Broome*, 377 U. S. 126; *Radio & Television Broad. Tech.* v. *Broadcast Service*, 85 S. Ct. 876.

The Court denied plaintiff's request for a finding that no bona fide labor dispute existed between Costigan and his employees. A labor dispute is defined in the following language: "The term 'labor dispute' includes any controversy concerning terms, tenure or conditions of employment, or concerning the association or

representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether the disputants stand in the proximate relation of employer and employee." 29 U.S.C., *s.* 152(9).

That on the facts of this case there was a labor dispute within the meaning of the act, we think is at least "arguable." *Liner* v. *Jafco., Inc.,* 375 U. S. 301; *San Diego Unions* v. *Garmon,* 359 U. S. 236. 29 U.S.C.A., *s.* 158 (b) (4). It therefore follows that on the facts before us State jurisdiction must yield, and that the ex parte injunction was improvidently granted. If an ex parte injunction was warranted, it should have included a provision for a prompt hearing thereon.

*Petition dismissed.*

All concurred.

WHEELER, J. On May 24, 1965 this court in the foregoing opinion held that the ex parte injunction was improvidently granted and dismissed the petition since the state court had no jurisdiction over the subject matter. Subsequently the plaintiff filed a motion to remand the case to the Superior Court for assessment of damages.

Since this court declined jurisdiction on the ground of federal pre-emption of the subject matter of the petition the plaintiff is not entitled to a hearing on damages. *San Diego Unions* v. *Garmon,* 359 U. S. 236. See *Radio & Television Broad. Tech.* v. *Broadcast Serv.,* 85 S. Ct. 876; 380 U. S. 255.

The order therefore is

*Motion denied.*

All concurred.
October 5, 1965.