**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**M. P. BUILDING CORPORATION; M & P Manufacturing Corporation; Woodville Construction Corporation; Specialty Contractors, Inc., and Dan Kent, d/b/a Kent Construction Company, Respondents.**

No. 26473.

United States Court of Appeals Fifth Circuit.

May 14, 1969.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Washington, D. C., Clifford Potter, Director, Region 23, Houston, Tex., Ronald R. Helveston, Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Michael N. Sohn, Burton L. Raimi, Attys., N. L. R. B., for petitioner.

Hugh G. Freeland, Lavon L. Jones, Beaumont, Tex., for respondents.

Before BELL and THORNBERRY, Circuit Judges, and CHOATE, Senior District Judge.

PER CURIAM:

This case is before the Court upon the petition of the National Labor Relations Board for enforcement of its order [165 N.L.R.B. 123] issued against the respondent companies on June 22, 1967. The respondents, with the exception of Kent Construction Company, filed cross-petitions to review and set aside the order.

The pivotal issue in the case is whether there was substantial evidence in the record to support the Board's finding that the respondents, M.P. Building Corporation, M & P Manufacturing Corporation, Woodville Construction Corporation, Specialty Contractors, Inc., and Dan Kent d/b/a Kent Construction Company, constituted a single integrated enterprise for jurisdictional and remedi-

al purposes.[1] Based on this finding, the Board held that the respondents singly and collectively violated Section 8(a) (5) and (1) of the National Labor Relations Act by refusing and failing to bargain with the union [2] concerning changes in terms and conditions of employment and by attempting to treat certain employees as "independent contractors." The Board also found a violation of Section 8(a) (3) and (1) because the respondents discharged an employee because of his union activities. The Board ordered the respondents to cease and desist from the unfair labor practices, to bargain with the union, and to reinstate and make whole the wrongfully discharged employee.

■■ A single enterprise finding is essentially a factual determination. N. L. R. B. v. Greyhound Corp., 368 F.2d 778, 780 (5 Cir. 1966). Here, each of the respondents were engaged in the construction and sale of portable buildings. There is substantial evidence in the record of an interrelation of operations, together with centralized control of labor relations, common management, and common ownership or financial control. See Radio and Television Broadcast Technicians Local Union 1264 v. Broadcast Service of Mobile, 380 U.S. 255, 85 S.Ct. 876, 13 L.Ed.2d 789 (1965) and N. L. R. B. v. Jordan Bus Co., 380 F.2d 219, 222 (10 Cir. 1967). Thus, the Board can properly treat the five respondents as a single employing enterprise.

■ This being the case, little remains for discussion. After three inconclusive bargaining sessions with Woodville, Kent Construction Company appeared on the scene and before long took over most of Woodville's function in the enterprise. Kent unilaterally altered the terms and conditions of employment and refused to bargain with the union. The discharged employee, a union organizer, was first fired from his Woodville employment and was later ordered off the premises when he attempted to work as a helper to a Kent employee. There was substantial evidence from which the Board could reasonably infer that the discharge and subsequent events were discriminatorily motivated. See Great Atlantic and Pacific Tea Co. v. N. L. R. B., 354 F.2d 707, 709 (5 Cir. 1966).

In short, the Board could have justifiably found that Woodville's function was transferred to Kent for the purpose of avoiding the obligation to bargain with the union and that the employee was discharged for his role in the matter. The Board's order will be, in all respects,

Enforced.

---

1. M.P. Building and Woodville Construction stipulated that they were engaged in commerce within the meaning of the National Labor Relations Act. The Board's jurisdiction over the other respondents depends on its finding of an integrated employing enterprise.

2. The United Brotherhood of Carpenters and Joiners of America became the certified bargaining representative of Woodville's employees in August, 1965.