**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**WELCOME-AMERICAN FERTILIZER COMPANY, Respondent.**

No. 23847.

United States Court of Appeals, Ninth Circuit.

April 12, 1971.

Rehearing Denied July 30, 1971.

Warren M. Davison (argued), Deputy Asst. Gen. Counsel, Vivian Asplund, Atty., Marcel Mallet-Prevost, Asst. Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Arnold Ordman, Gen. Counsel, N. L. R. B., Washington, D. C., Roy O. Hoffman, Director, Region 20, N. L. R. B., San Francisco, Cal., for appellant.

Wesley J. Fastiff (argued), Robert W. Tollen, of Littler, Mendelson & Fastiff, San Francisco, Cal., for appellee.

Before CHAMBERS, HAMLEY and HAMLIN, Circuit Judges.

CHAMBERS, Circuit Judge:

The National Labor Relations Board has jurisdiction to prevent unfair labor practices "affecting commerce." N. L. R. B. v. Hod Carriers' Bldg. & Gen. Lab. Union, 351 F.2d 151 (9th Cir. 1965). The extent to which the Board chooses to exercise its statutory jurisdiction is a matter of administrative policy within the Board's sound discretion. In the absence of extraordinary circumstances, such as unjust discrimination, exercise of jurisdictional discretion by the Board is not a question subject to review by the courts. N. L. R. B. v. Carroll-Naslund Disposal, Inc., 359 F.2d 779, 780 (9th Cir. 1966).

The Board determined that Respondent's operations, alone, did not "affect commerce." Perhaps, with the record fully developed, it could be found that Respondent's operations, alone, did affect commerce. See, e. g., N. L. R. B. v. Hod Carriers', supra. However, on the record before us, we are unable to say that the Board's determination is not supported by substantial evidence on the record considered as a whole.*

The Board (and the general counsel's representative before this court) completely committed itself to the jurisdictional premise that Respondent and its parent, Best Fertilizer, constituted a single employer. The single employer concept was developed by the Board to serve as a self-imposed jurisdictional guideline. See Sakrete of Northern California, Inc. v. N. L. R. B., 332 F.2d 902 (9th Cir. 1964). When administrative bodies promulgate rules or regulations to serve as guidelines, these guidelines should be followed. Failure to follow such guidelines tends to cause unjust discrimination and deny adequate notice contrary to fundamental concepts of fair play and due process. See, e. g., Cuadra v. Resor, 437 F.2d 1211 (9th Cir. 1970); Feliciano v. Laird, 426 F.2d 424 (2nd Cir. 1970). This concept is applicable to jurisdictional guidelines promulgated by the Board, if unjustly, applied. See N. L. R. B. v. Guy F. Atkinson Co., 195 F.2d 141, 149 (9th Cir. 1952). In the frame of this case, we hold that the Board must live with its commitment to the single employer concept.

The principal factors which the Board weighs in deciding whether sufficient integration exists to treat separate concerns as a single employer are:

1. Interrelation of operations;

2. Centralized control of labor relations;

3. Common management; and

4. Common ownership or financial control.

Radio and Television Broadcast Technicians Local Union v. Broadcasting Serv-

---

* Since Respondent purchases a substantial amount from its parent, Best Fertilizer, who is stipulated to be "in commerce," application of the indirect inflow theory of "affecting commerce" may have been appropriate.

ice of Mobile, Inc., 380 U.S. 255, 85 S.Ct. 876, 13 L.Ed.2d 789 (1965). No one of these factors is controlling, but emphasis is placed on the first three, as they tend to show operational integration. Sakrete, *supra*.

■ Though Best sales representatives train Respondent's employees to handle and understand Best products which are used by Respondent, the same service is applicable to all Best customers. Best must compete for Respondent's business and, in fact, receives only 65 per cent of Respondent's orders. Other trivial factors noted by the Board are common between buyers and their major suppliers in Respondent's business. In addition, Respondent maintains separate records. Though it presents a financial statement to Best periodically, failure to do so would be inexcusable since the parent, Best, is a stockholder.

Respondent's president handles day to day labor problems. Though Best has its personal labor relations department, Respondent has chosen to rely on an employer's association for assistance in labor problems. No Best officer or employee has the power to fire an employee of Respondent. Respondent's president has no power to control or influence Best's labor relations. There is absolutely no interchange of employees.

As mentioned above, Respondent's president manages Respondent. He has no management relation with Best.

Finally, Best owns Respondent, but none of Respondent's directors or officers has substantial ownership or financial control of Best.

In view of the above, we hold that the findings and conclusions of the Board that Best and Respondent constitute a single employer are not supported by substantial evidence on the record as a whole. Enforcement of the order under these circumstances would allow the Board to unjustly ignore its own guidelines. We decline to do so.