**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 31, 2007**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

)))))))))))))))))))))))))))

No. 06-31307
Summary Calendar

)))))))))))))))))))))))))))

RICHARD E TIPTON; JAMES D URSIN; DONALD P MEACHAM; BERWICK
LAGARDE; OSWALDO RODRIGUEZ; OSCAR DORSEY

Plaintiffs-Appellants

v.

NORTHRUP GRUMMAN CORPORATION

Defendant-Appellee

---

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:06-CV-4715

---

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

Per Curiam:[*]

Appellants Richard E. Tipton, James D. Ursin, Donald P.
Meacham, Berwick Lagarde, Oswaldo Rodriguez, and Oscar Dorsey
(collectively, "Plaintiffs") are current and former employees at
an Avondale, Louisiana shipbuilding facility operated by Northrup
Grumman Ship Services, Inc. ("NGSS"), a subsidiary of Northrup

---

[*]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

1

Grumman Corporation ("NGC"). Plaintiffs filed suit against NGC, claiming that NGC had discriminated against them by misclassifying them and by paying them less than they deserved, given the value and difficulty of the work they perform. On the basis of this alleged discrimination, Plaintiffs asserted claims against NGC under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Longshore & Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C § 901 et seq.

NGC filed a motion to dismiss, or alternatively for summary judgment, on the bases that (1) NGC was not Plaintiffs' employer and was therefore not a proper defendant; (2) Plaintiffs improperly served NGC; (3) the district court lacked personal jurisdiction over NGC; (4) Plaintiffs' claims were time-barred; (5) Plaintiffs failed to state an ADA or LHWCA claim; and (6) Plaintiffs' complaint violated Federal Rule of Civil Procedure 8(a). The district court granted NGC's motion for summary judgment on the basis that NGC was not a proper defendant in the suit. For the reasons that follow, we AFFIRM.

## I. JURISDICTION AND STANDARD OF REVIEW

The district court's November 28, 2006 ruling was a final judgment that disposed of all of Plaintiffs' claims. Accordingly, this court has jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo,

2

applying the same standards as the district court. <u>Dallas County Hosp. Dist. v. Assocs. Health & Welfare Plan</u>, 293 F.3d 282, 285 (5th Cir. 2002). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute about a material fact is genuine if the evidence is such that a reasonable fact-finder could return a verdict for the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). When deciding whether there is a genuine issue of material fact, this court must view all evidence in the light most favorable to the non-moving party. <u>Daniels v. City of Arlington</u>, 246 F.3d 500, 502 (5th Cir. 2001).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Once the movant meets this burden, the burden shifts to the non-movant "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Id.</u> at 322. "[M]ere allegations or denials" will not defeat a well-supported motion for summary judgment. FED. R. CIV. P. 56(e);

3

<u>Morris v. Covan Worldwide Moving, Inc.</u>, 144 F.3d 377, 380 (5th Cir. 1998). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. <u>Morris</u>, 144 F.3d at 380. Rather, the non-movant must come forward with "specific facts" that establish that there is a genuine issue for trial. FED. R. CIV. P. 56(e); <u>Littlefield v. Forney Indep. Sch. Dist.</u>, 268 F.3d 275, 282 (5th Cir. 2001).

## II. DISCUSSION

NGC argued in its motion to dismiss/motion for summary judgment and maintains on appeal that it was improperly named as a defendant because Plaintiffs were employed not by NGC, but by NGSS. NGC argues that "[b]ecause NGSS is the entity that received services from the Appellants and in return, compensated them, NGSS is their employer as a matter of law." NGC further claims that "[a]t no time did Appellants ever work for NGC, nor did NGC ever pay Appellants' salaries."

In support of its motion to dismiss/motion for summary judgment, NGC submitted the declaration ("Barney Declaration") of Kristen Barney, the human resources site director for NGSS. In this declaration, Barney made the following statements:

> Plaintiffs provided services to, and were paid by, NGSS. Plaintiffs have never provided services to NGC and have never been paid by NGC . . . .
>
> NGC is not registered to do, and does not conduct, business in Louisiana . . . .
>
> NGSS is adequately capitalized and responsible for its own

4

daily operations. NGC does not finance the operations of NGSS, it does not pay the salary or expenses for NGSS, and it does not use the property of NGSS as its own . . . .

There are no interrelated operations between NGC and NGSS, no centralized control of labor relations, no common management, and no common ownership or financial control. NGC and NGSS observe all required corporate formalities and keep their daily operations separate from that of their subsidiaries or related entities. NGSS has its own labor relations department that is separate from NGC and controls its own labor relations matters.

The district court held that the Barney Declaration "is sufficient to shift to plaintiffs the burden of showing that NGC is a proper defendant." The district court then reviewed the evidence submitted by Plaintiffs in response to NGC's motion and concluded that "Plaintiffs have offered no evidence which contravenes Ms. Barney's declaration and creates a genuine issue of material fact as to whether NGC is the alter ego of NGSS." Accordingly, the district court granted NGC's motion for summary judgment.  Plaintiffs now appeal this decision, contending that NGC is a proper defendant.

The doctrine of limited liability creates a strong presumption that a parent corporation is not the employer of its subsidiary's employees. Lusk v. Foxmeyer Health Corp., 129 F.3d 773, 778 (5th Cir. 1997). However, "[i]n civil rights actions, 'superficially distinct enterprises may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer.'" Schweitzer v. Advanced Telemarketing Corp., 104 F.3d 761, 763 (5th Cir. 1997) (quoting

5

Trevino v. Celanese Corp., 701 F.2d 397, 404 (5th Cir. 1983)). To determine whether a parent corporation and its subsidiary may be regarded as a "single employer" in the context of civil rights cases, this court in Trevino adopted the four-part analysis originally created by the Supreme Court for labor disputes in Radio Union v. Broadcast Service, 380 U.S. 255, 257 (1965). See Lusk, 129 F.3d at 777. Trevino's four-part test examines: (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. Trevino, 701 F.2d at 404. The second of these factors is deemed most important, with courts refining their analysis to the question: "what entity made the final decisions regarding employment matters related to the person[s] claiming discrimination?" Schweitzer, 104 F.3d at 764 (quoting Trevino, 701 F.2d at 404); see also Lusk, 129 F.3d at 777 ("This analysis ultimately focuses on the question whether the parent corporation was a final decision-maker in connection with the employment matters underlying the litigation.").

We agree with the district court that NGC satisfied its burden as summary judgment movant of pointing to evidence demonstrating the absence of a genuine issue of material fact regarding whether NGC was a proper defendant. The Barney Declaration provides evidence that there was no interrelation of operations, centralized control of labor or employment decisions,

6

common management, or common ownership or financial control between NGSS and NGC. The Barney Declaration thus indicates that NGSS and NGC were not a single employer with respect to Plaintiffs. We also agree with the district court that Plaintiffs did not satisfy their burden of coming forth with "specific facts" that would establish that a genuine issue of fact exists regarding whether NGC is their employer.

In their memorandum in opposition to NGC's motion, Plaintiffs simply contended, "We were lead to believe our employment extend[ed] through NGSS to NGC." Plaintiffs attributed their belief to "statements made orally and written by both NGC and NGSS." As examples of such statements, Plaintiffs claimed that "[Plaintiff Tipton] ha[s] received documents with both NGC and NGSS or no defining difference" and that Barney informed Tipton that "she was directed to investigate [Tipton's] concerns" by personnel at NGC's Los Angeles headquarters. In further support of their memorandum, Plaintiffs submitted certain press releases and employee newsletters from NGC, news articles about NGC, printouts from NGC's corporate website, and copies of correspondence to and about Tipton by NGC attorneys regarding complaints he had made.

Plaintiffs' evidence in no way refutes the relevant portions of the Barney Declaration, nor does it establish that there are a genuine issues of fact regarding whether NGSS and NGC had

7

interrelated operations, centralized control of labor or employment decisions, common management, or common ownership or financial control. Plaintiffs' evidence certainly does not establish that there is a genuine issue of fact regarding the crucial question of whether NGC was the final decision-maker in connection with the employment matters about which Plaintiffs complain. We therefore hold that Plaintiffs did not meet their summary judgment burden and that the district court did not err in granting summary judgment for NGC on the basis that NGC is not a proper defendant.

AFFIRMED.