[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 3, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11974

_____

D. C. Docket No. 06-01295-CV-T-24TGW

LORI A. CARDINALE,

Plaintiff-Appellant,

versus

SOUTHERN HOMES OF POLK COUNTY, INC.,
a Florida corporation, EDWARD H. LADERER, JR.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 3, 2009)

Before HULL, WILSON and HILL, Circuit Judges.

PER CURIAM:

This appeal arises out of the district court's March 19, 2008 order granting

the Defendants Southern Homes of Polk County, Inc. ("Southern Homes") and

Edward H. Laderer, Jr.'s motion for summary judgment and denying the Plaintiff

Lori A. Cardinale's cross-motion for summary judgment. From August 2004 until

October 29, 2005, Southern Homes employed Plaintiff Cardinale as a "Point of

Sales Coordinator." Cardinale brought this action alleging that Southern Homes

and Laderer violated her rights under the Family and Medical Leave Act of 1993

("FMLA"), 29 U.S.C. §§ 2601-2654, by, among other things, (1) providing her

with only eight weeks of pregnancy leave (as opposed to twelve) and (2)

subsequently firing her when she did not return to work. The district court entered

summary judgment for the Defendants on the ground that Southern Homes had less

than 50 employees, and thus was not an "employer" covered by the FMLA. See 29

U.S.C. § 2611(4)(A)(i).

The first issue on appeal is whether the district court applied the correct legal

standard when it determined that Plaintiff Cardinale failed to meet her burden on

the question of whether the Defendant, Southern Homes, and another non-

Defendant entity, LM Properties of Polk County, Inc., were an "integrated

employer."[1]  See 29 C.F.R. § 825.104(c)(2). The Department of Labor's FMLA

---

[1]Specifically, Cardinale alleged that the entities were "horizontally integrated"–as opposed to "vertically integrated." In other words, she argued that the same people, Edward H. Laderer, Jr. and Gregory Masters, owned two separate entities that should count as one employer under the FMLA. She did not argue that a parent company's ownership of a subsidiary rendered

2

regulations state that, when determining whether two or more entities constitute an "integrated employer," the following factors are relevant: "(i) Common management; (ii) Interrelation between operations; (iii) Centralized control of labor relations; and (iv) Degree of common ownership/financial control." Id.

Plaintiff Cardinale argues that the district court applied an incorrect legal standard by requiring her to show too high a degree of interrelatedness. The applicable FMLA regulations do not appear to require that the entities be "highly integrated"–just integrated enough to satisfy the factors described in 29 C.F.R. § 825.104(c)(2). Our decision in Morrison v. Magic Carpet Aviation, 383 F.3d 1253, 1257 (11th Cir. 2004), recites the above four factors–from the Department of Labor's FMLA regulations–without any reference to whether the entities must be highly integrated or not.

The Defendants respond by citing our decision in McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 933 (11th Cir. 1987), which involved an application of Title VII of the Civil Rights Act of 1964,[2] and stated that "[t]he showing required to warrant a finding of single employer status has been described as 'highly integrated with respect to ownership and operations.'" McKenzie's

them both a single employer under the FMLA.

[2]See 42 U.S.C. § 2000e, et seq.

analysis of the "integrated employer" issue used the same four factors listed above. See id. As we noted in McKenzie, courts have made no secret of the fact that they have borrowed the four factors used by the National Labor Relations Board. Id. ("The predominant trend in determining whether two businesses should be treated as a single or joint employer under [42 U.S.C.] § 2000e(b) is to apply the standards promulgated by the National Labor Relations Board (NLRB)."); see also Radio and Television Broad. Technicians Local Union 1264 v. Broad. Serv. of Mobile, Inc., 380 U.S. 255, 256, 85 S. Ct. 876, 877 (1965) ("The controlling criteria, set out and elaborated in Board decisions, are interrelation of operations, common management, centralized control of labor relations and common ownership."). And the FMLA's four-factor "integrated employer" test is identical to the one used by the NLRB. Compare 29 C.F.R. § 825.104(c)(2) with Radio Union, 380 U.S. at 256.

We need not, however, resolve this legal issue because Cardinale has not shown reversible error in any event. The facts are undisputed. And Cardinale does not argue, either in her summary judgment briefs before the district court or in her briefs on appeal, that there is a genuine issue of material fact that should go to a jury. Applying the four factors in the FMLA's regulations without a "highly integrated" requirement, we conclude that Cardinale's evidence meets only one

4

factor–common ownership.  But she has not carried her burden on the other three factors.  Based on the undisputed facts, Cardinale has not shown that the district court's entry of summary judgment in favor of the Defendants was reversible error. Our conclusion that Cardinale has not shown reversible error does not mean that we endorse the district court's articulation of the appropriate legal standard or consider it to be devoid of error.  We merely conclude, based on the undisputed facts before us, that any such error does not require reversal in this instance.  Thus, we affirm the grant of summary judgment to Defendants and the denial of summary judgment to Plaintiff Cardinale.

**AFFIRMED.**