Vincent **DE GIOVANNI, Mariette Barros, Diamantino Fernandes, Maria Pinto, Manuel Fernandes, Maria Monteiro, and all others similarly situated, Plaintiffs,**

v.

**JANI–KING INTERNATIONAL, INC., Jani–King, Inc., and Jani–King of Boston, Inc., Defendants.**

**C.A. No. 07–10066–MLW.**

United States District Court, D. Massachusetts.

Sept. 12, 2013.

Shannon E. Liss–Riordan, Sara E. Smolik, Lichten & Liss–Riordan, P.C., Alexander M. Sugerman–Brozan, Segal Roitman LLP, Boston, MA, for Plaintiffs.

Aaron D. Van Oort, Eileen M. Hunter, pro hac vice, Faegre & Benson LLP, Kerry L. Bundy, Faegre Baker Daniels LLP, Minneapolis, MN, Barbara L. Moore, Cooley Manion Jones LLP, Nicholas D. Stellakis, Cooley Manion Jones LLP, Boston, MA, for Defendants.

*MEMORANDUM AND ORDER*

WOLF, District Judge.

## I. INTRODUCTION

This case was filed on January 12, 2007. It alleges that defendants misclassified plaintiffs, who perform janitorial services, as independent contractors for the purpose of the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 148B. This case was originally assigned to Judge Reginald C. Lindsay. Judge William G. Young subsequently presided in this case, until it was reassigned to this court.

After consulting the parties, the court ordered the filing of motions for summary judgment based on Massachusetts General Laws ch. 149, § 148B(a)(2), which requires, among other things, that a defendant prove that a person performed services "outside the usual course of the business" of the defendant in order to compensate that person as an independent contractor rather than an employee. *See* Aug. 17, 2010 Order. A schedule for filing oppositions and replies was established. *See id.* The parties filed cross-motions for summary judgment, as well as responses to those motions.

A hearing on the cross-motions for summary judgment was held on June 6, 2012. At the outset of the hearing, the court noted that defendants did not in their memoranda of law distinguish among the three, related defendants, Jani–King International, Incorporated ("JK International"), Jani–King, Incorporated ("JK Inc."), and Jani–King of Boston, Incorporated

("JK Boston"). *See* June 6, 2012 Tr. at 8:12–17. Based on that approach to the briefing, the court stated that it would not distinguish the three defendants for purposes of deciding the motions for summary judgment, but did mention that it would "maybe leave for another day" whether any distinction among the defendants makes a difference. *Id.* at 23:25. For the reasons described in a detailed oral decision, the court allowed plaintiffs' motion for summary judgment against all three defendants. *See id.* at 78:1–102:12.

On July 20, 2012, defendants filed a Motion for Reconsideration of the Order granting summary judgment against JK International and JK Inc. Plaintiffs opposed the Motion for Reconsideration. Defendants filed a reply and plaintiffs filed a sur-reply. Plaintiffs also filed a notice of supplemental authority, to which defendants responded.

After defendants' filed their Motion for Reconsideration, the parties agreed to mediate this dispute. This case was stayed to permit them to do so. The parties were ordered to file a motion to reopen the case, if necessary. The mediation was not successful in resolving this case.

In addition to deciding defendants' Motion for Reconsideration, to complete this case the issue of damages must be resolved. Plaintiffs assert that when they receive certain information from defendants, the calculation of damages will be a ministerial matter. They, therefore, intend to move for summary judgment on the issue of damages. Plaintiffs report that defendants have refused to produce discovery concerning damages because defendants' Motion for Reconsideration is pending. Defendants contend that the calculation of damages will not be ministerial. They argue that individual and expert discovery concerning damages is necessary. In addition, defendants state that they intend to move for a revision of the definition of the class that has been certified. Defendants request a conference to establish a schedule for resolving the parties' disputes as to how this case should proceed.

For the reasons explained in this Memorandum, the Motion for Reconsideration is being denied although without prejudice to a renewed motion to reconsider on two issues after damages have been determined. In essence, defendants could have argued in their voluminous briefing of the motions for summary judgment that even if one of them is an "employer" for the purpose of the Massachusetts Wage Act, the others are not. However, they chose to brief the issue as if the three defendants were similarly situated. They, therefore, waived the argument that there is a material distinction to be made among any of the defendants. The arguments defendants present in their Motion for Reconsideration could have been made in a timely manner and, except perhaps with regard to the joint employer issue, there is no good reason for defendants' failure to have done so.

The court recognizes that it has some discretion in this matter. However, it is not persuaded that a manifest error will be uncorrected if the Motion for Reconsideration is denied. Nor is it unjust to deny it. Rather, this case has been pending for six years. The plaintiffs are people who perform janitorial services and who, the court has found, have been deprived of compensation to which they are entitled. It is now most appropriate to proceed to determining damages. When that is done, the court may consider further whether all three defendants are responsible for paying them.

The parties are being ordered to confer and, by October 1, 2013, report their respective positions on the remaining issues

in this case. A scheduling conference will be held on October 15, 2013, at 3:00 p.m.

## II. THE LEGAL STANDARD

■■■■ "Motions for reconsideration are not to be used as 'a vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments that could and should have been presented to the district court prior to judgment.'" *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009) (quoting *Iverson v. City of Boston*, 452 F.3d 94, 104 (1st Cir.2006)). The standard governing a motion for reconsideration is related to the rule of waiver, which provides that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990); *see also Coopersmith v. Lehman Bros., Inc.*, 344 F.Supp.2d 783, 790 n. 5 (D.Mass.2004) (adopting a magistrate judge's report and recommendation, which stated that "as the First Circuit has repeatedly held . . . arguments raised only in a footnote or in a perfunctory manner are waived" (internal quotation marks omitted)); *Pacamor Bearings, Inc. v. Minebea Co., Ltd.*, 892 F.Supp. 347, 355 n. 8 (D.N.H.1995) ("because this argument was not properly raised and briefed in defendants' motion, the court will not consider it here"). "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work." *Zannino*, 895 F.2d at 17. Rather, "a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." *Id.* (internal quotation marks omitted).

■■■■ "[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *Allen*, 573 F.3d at 53.

## III. DISCUSSION

Pursuant to the August 17, 2010 Order, the parties filed cross-motions for summary judgment on the second prong of the three prong test that must be satisfied to prove that a worker is an independent contractor and not an employee. That prong requires defendants to show that plaintiffs are performing a service "outside the usual course of the business of the employer." Mass. Gen. Laws ch. 149, § 148B(a)(2).

Nothing in the August 17, 2010 Order, or § 148B(a)(2) itself, precluded defendants from arguing that plaintiffs are not employees of each of the three corporate defendants. Nor did the August 17, 2010 Order state that defendants should defer briefing any defenses to plaintiffs' motion for summary judgment based on chapter 149, § 148B(a)(2), until a later stage of the case. Rather, that Order stated, in pertinent part: "Any motions for summary judgment based on § 148B(a)(2) shall be filed by February 11, 2011." Aug. 17, 2010 Order, ¶ 6.

■■■■ However, in their memoranda of law concerning summary judgment, defendants did not argue that even if one defendant was liable for misclassification the other defendants were not. Accordingly, defendants' current contention that there is a material distinction among them was waived, and does not satisfy the standard for allowing a motion for reconsideration. *See Zannino*, 895 F.2d at 17; *Allen*, 573 F.3d at 53.

More specifically, plaintiffs in this case sued three related corporate defendants and sought summary judgment against

each of them. *See* Second Amended Compl. at 1; Pls.' Mot. Summ. Judg. at 1, 20. In the parties' memoranda of law in support of their cross-motions for summary judgment, they generally did not distinguish among the three defendants. *See, e.g.,* Pls.' Mot. Summ. Judg. at 1; Pls.' Resp. to Defs.' Memo. Re. Summ. Judg. at 1; Defs.' Mot. Summ. Judg. at 1, 3, 17–18, 20; Defs.' Reply in Supp. of Mot. Summ. Judg. at 1–4, 11–12. Rather, defendants' memoranda repeatedly referred to the defendants collectively as "Jani–King." *See, e.g.,* Defs.' Mot. Summ. Judg. at 1–4, 6, 8, 11–12, 15, 17–20; Defs.' Reply in Supp. of Mot. Summ. Judg. at 1–5, 7, 9–12.

In support of their Motion for Reconsideration, defendants argue that they distinguished among the three defendants in their memoranda of law concerning summary judgment because "their principal argument was that all parties in this case performed different functions 'at different levels of a system of distribution.'" Defs.' Mot. for Reconsid. at 4 (quoting Defs.' Mot. Summ. Judg. at 2). However, that argument did not address any distinction among the three defendants for the purpose of establishing that they were not similarly situated with regard to the misclassification claim. Rather, defendants sought to make a distinction between their roles and the work of their franchises, the plaintiffs in this case. For example, defendants argued that "the undisputed facts show that Jani–King franchises perform distinct activities at a different level of a system of distribution than Jani–King itself does." Defs.' Mot. Summ. Judg. at 2–3; *see also id.* at 17 ("If the Court agrees with Jani–King that entities operating at different levels of a distribution system can be engaged in different courses of business under § 148B(a)(2), then the Court should grant summary judgment for Jani–King because the undisputed factual record shows that Jani–King franchises and Jani–King itself have different courses of business."). Accordingly, defendants' contention that they distinguished among themselves for the purpose of establishing that they were not all liable for any proven misclassification is not meritorious.

Where defendants did distinguish among themselves in their summary judgment submissions, they did not provide any analysis of how any such distinctions should affect the court's determination of whether each is an "employer" of plaintiffs under § 148B(a)(2). For example, in defendants' statement of undisputed facts and certain declarations in support of their motion for summary judgment, they discussed the different functions of JK International and JK Boston. *See, e.g.,* Defs.' Statement of Undisp. Facts ¶¶ 3–28 (discussing JK International); *id.* ¶¶ 29–65 (discussing JK Boston); Third Decl. of Michael H. Seid ¶¶ 23–24 (citing other declarations concerning the activities of JK International and JK Boston). At only a few points in their memoranda did defendants make any distinction among themselves. For example, in the memorandum in support of defendants' motion for summary judgment and in opposition to plaintiffs' motion for summary judgment, defendants listed certain functions that JK International performed, and then discussed how JK Boston implemented the Jani–King system at the regional level. *See* Defs.' Mot. Summ. Judg. at 18–19. However, the purpose of that part of defendants' memorandum was to contrast "the usual course of business of Jani–King" with the usual course of business of its franchises. *Id.* at 18. Indeed, in drawing the distinction between Jani–King itself and its franchises, defendants refer to JK International and JK Boston's activities together as part of a single "franchise system." *Id.*

In defendants' reply in support of their motion for summary judgment, they again

sought to contrast, for purposes of § 148B(a)(2), the activities of plaintiffs, who owned Jani–King franchises, and "Jani–King itself." Defs.' Reply in Supp. of Mot. Summ. Judg. at 11. In making that distinction, defendants briefly alluded to the different activities of JK International and JK Boston. *See id.* at 12. However, as in defendants' memorandum in support of their motion for summary judgment, defendants' purpose in referring to JK International and JK Boston separately was to support their central argument that "[i]t is undisputed that Jani–King and its franchise owners do separate things," not that any particular defendant's business activities were distinct from plaintiff's business activities under § 148B(a)(2). *Id.*

Importantly, in neither of defendants' memoranda did they discuss any distinct functions or activities of JK Inc. Defendants' failure to do so undermines their argument that their memoranda sought to distinguish among the defendants for purposes of summary judgment.[1]

Despite waiver of the arguments presented in the Motion for Reconsideration, the court would exercise its discretion to grant the motion if defendants demonstrated a manifest error of law or that it would be clearly unjust to fail to do so. *See Allen,* 573 F.3d at 53. However, they have not persuaded the court that there was a manifest error of law and, except perhaps concerning the joint employer issue that its decision is unjust, let alone clearly unjust.

Defendants argue that the court should allow their Motion for Reconsideration because "Section 148B . . . at minimum, requires something more than just a finding that a person performed services in the usual course of a parent corporation's business before that person can be an employee of a parent corporation." Defs.' Mot. for Reconsid. at 13. Defendants assert that the court failed to make required findings that plaintiffs are employees of JK International and JK Inc. *See id.*

Defendants do not persuasively explain why there must be "something more" under the § 148B analysis for the court to conclude that plaintiffs performed services in the usual course of the business of JK International or JK Inc. Section 148B(a)(2) states that: "For the purpose of this chapter and chapter 151, an individual performing any service, except as authorized under this chapter, shall be considered to be an employee under those chapters unless: . . . the service is performed outside the usual course of the business of the employer." In this case, the court made factual findings concerning the business activities of each of the three defendants, the relationships among the defendants, and the business activities of the plaintiffs. *See* June 6, 2012 Tr. at 87:21–96:3. Based on those findings, the court concluded that while "there are several legal entities each with Jani–King in its name that are defendants," *id.* at 86:23–24, "a reasonable factfinder would have to conclude that the business of Jani–King, Boston and the defendants generally" means that plaintiffs are "employees rather than independent contractors," *id.* at 96:10–18; *see also id.*

---

**1.** Defendants note that in briefing on previous motions for summary judgment they distinguished among themselves. *See* Defs.' Mot. for Reconsid. at 6 n. 2. However, the previous motions for summary judgment to which defendants refer were determined to be moot or were denied without prejudice. *See* Mar. 2, 2010 Memorandum and Order, ¶ 3; Aug. 17, 2010 Order, ¶ 4. Accordingly, defendants' statements and arguments in the prior motions for summary judgment are not part of the record concerning the cross-motions for summary judgment at issue here.

at 96:22–25. The court is not persuaded that it made a manifest error in reaching this conclusion.

Contrary to defendants' contention, an advisory from the Massachusetts Attorney General concerning § 148B does not support the following propositions: (1) "one entity's treatment of a person as an employee precludes the employee from using Section 148B to show that he is also an employee of another entity;" and (2) "a court cannot determine whether a plaintiff is an employee of multiple defendants simply by asking . . . whether the services are performed 'in the ordinary course of [each entity's] business.'" Defs.' Mot. for Reconsid. at 12 (quoting June 6, 2012 Tr. at 9:14–17 (argument of plaintiffs' counsel) and citing An Advisory From the Attorney Gen. Fair Labor Div. on M.G.L. c. 149, s. 148B, 2008/1 (the "Attorney General's Advisory")).

In support of their first proposition, defendants quote two parts of the Attorney General's Advisory. The first part states: "'[o]nly when an individual or individuals are classified other than as an employee will there be a determination of whether any of the prongs—including the complex prong two—are violated.'" Defs.' Mot. for Reconsid. at 12 (emphasis and alteration in original) (quoting the Attorney General's Advisory at 6). Defendants claim that statement means that "if an individual is classified as an employee of one employer, then courts do not even look at Section 148B." Defs.' Mot. for Reconsid. at 12. Defendants proceed to argue that their position is further supported by the Attorney General's Advisory because "in reviewing claims for misclassification, the [Attorney General's Office] will consider that '[i]ndividuals providing services are not provided 1099s or W–2s by *any entity*,'" which implies that one entity's issuance of a 1099 or W–2 will extinguish liability as to other entities." Defs.' Mot. for Reconsid. at 12 (emphasis and alteration in original) (quoting the Attorney General's Advisory at 5).

The parts of the Attorney General's Advisory cited by defendants do not support the proposition that one entity's treatment of a person as an employee precludes that person from using Section 148B to show that he is also an employee of another entity. In this case, plaintiffs were not classified as employees by any defendant. Accordingly, a determination of whether defendants violated prong two of § 148B was necessary and appropriate. *See* Attorney Gen.'s Advisory at 6. The fact that the Attorney General considers whether individuals are "provided 1099s or W–2s by any entity" as an indicator of misclassification does not mean that an employee of one entity cannot also for the purposes of the statute be an employee of another entity. *Id.* at 5.

Defendants' second argument based on the Attorney General's Advisory is also unpersuasive. As noted earlier, defendants claim that "a court cannot determine whether a plaintiff is an employee of multiple defendants simply by asking . . . whether the services are performed 'in the ordinary course of [each entity's] business.'" Defs.' Mot. for Reconsid. at 12 (alteration in original) (quoting June 6, 2012 Tr. at 9:14–17 (argument of plaintiffs' counsel) and citing the Attorney General's Advisory at 6). However, whether the plaintiffs' "service is performed outside the usual course of the business of the employer" is precisely the inquiry required by the second prong of § 148B, which provides one standard for determining whether an individual performing a service is an employee. Mass. Gen. Laws ch. 149, § 148B(a)(2).

Defendants also argue that § 148B requires employees to have a direct rela-

tionship with employers. *See* Defs.' Mot. for Reconsid. at 14–15. This is an issue that could and should have been argued on behalf of JK International and JK Inc. in defendants' memoranda concerning the cross-motions for summary judgment. It was not and defendants do not attempt to explain why it was not. This argument, therefore, has been waived, and it would ordinarily be inappropriate for the court to allow it to be raised and decided now or later in the case. *See Zannino,* 895 F.2d at 17; *Allen,* 573 F.3d at 53. However, as with defendants' final argument discussed below, the court may reconsider the direct relationship question after the issue of damages has been decided.

Finally, defendants contend that the court should now permit them to argue that they should not be treated as joint employers of plaintiffs for two reasons: (1) this issue was not within the limits of the August 17, 2010 Order defining the scope of the motions for summary judgment; and (2) that they were misled by the fact that plaintiffs only raised the joint employer issue in a footnote. *See* Defs.' Mot. for Reconsid. at 2–3, 5–6; Defs.' Reply in Supp. of Mot. for Reconsid. at 2–4. The first contention is not persuasive. As explained earlier, the August 17, 2010 Order did not restrict defendants' ability to argue that even if one defendant was liable for misclassification the others were not.

The court is, however, concerned that defendants' second contention might have some merit. On page one of their memorandum of law in support of their motion for summary judgment, which was filed on July 15, 2011, plaintiffs stated in a footnote that the three defendants were joint employers of plaintiffs and, therefore, were being addressed collectively as "Jani–King." *See* Pls.' Mot. Summ. Judg. at 1.²

In their memorandum, filed on August 12, 2011, defendants recognized this argument and wrote:

> Jani–King [ ] will not address Plaintiffs' footnote argument that Jani–King International is a joint employer of Plaintiffs in addition to Jani–King of Boston. The argument is waived because it is not sufficiently developed, and the test for determining joint employment would require the Court to consider factors outside the prong-two inquiry.

Defs.' Mot. Summ. Judg. at 3–4 (internal citation omitted). In a footnote to this statement, defendants wrote:

> *Wilfert Brothers Realty Co. v. Massachusetts Commission Against Discrimination,* on which Plaintiffs solely rely, applied a four-factor test for joint employment, considering "(1) the employer's control over the employee's work, (2) the extent to which each employer

**2.** Footnote 1 stated:

Jani–King International, Inc. wholly owns Jani–King, Inc., which is a holding company that wholly owns Jani–King of Boston, Inc., a regional subsidiary. (Plaintiffs' Statement of Undisputed Facts, ¶¶ 2–3). Jani–King International is the architect of the business, exercising ultimate control over all operations; Jani–King of Boston, meanwhile, has the most day-to-day dealings with cleaners. (*Id.* at ¶¶ 1–64). Given their common ownership, both entities necessarily share in the revenue earned from cleaners. As a result of their inter-related ownership, operations, and management,

all three entities are joint employers in the context of this case. *Wilfert Bros. Realty Co. v. Mass. Comm'n Against Discrimination,* 2006 WL 935105, *2 (Middlesex Super.Ct.2006) ("two or more businesses may be so interrelated that they may be considered a 'single employer'"), *citing Radio & Television Broadcast Technicians Local 1264 v. Broadcast Service of Mobile, Inc.,* 380 U.S. 255 [85 S.Ct. 876, 13 L.Ed.2d 789] (1965); *Romano v. U–Haul Int'l,* 233 F.3d 655, 664–66 (1st Cir.2000); *Mas Marques v. Digital Equipment Corp.,* 637 F.2d 24, 27 (1st Cir.1980).
Pls.' Mot. Summ. Judg. at 1 n. 1.

directs the employee in the details of his job, (3) which employer issues the employee's paycheck, and (4) whether the employer has the authority to discharge the employee." No. 0202671, 2006 WL 935105, at *2 (Mass.Super.Ct. Mar. 21, 2006). The first two factors address the issue of control, which is a § 148B(a) prong-one inquiry that is not presently before the Court. The last two factors favor Jani–King International, which does not pay franchise owners and cannot discharge them. (*See* Jani–King's Statement of Facts ("SOF") ¶¶ 24, 30, 64.)

Defs.' Mot. Summ. Judg. at 4 n. 3.

As the foregoing demonstrates, defendants understood that plaintiffs were contending that they should be treated collectively for the purpose of deciding plaintiffs' motion for summary judgment. Defendants could have addressed this issue, but did not. However, defendants are correct in asserting that plaintiffs' treatment of the joint employer issue was perfunctory. If so, the principles on which *Zannino*, 895 F.2d at 17, and related cases are based arguably indicate that defendants were reasonable in not addressing the issue.

In these circumstances, the court is not now granting the Motion for Reconsideration on the issue of joint employment. It has been established that at least JK Boston is liable for having misclassified plaintiffs. It is important that the parties and the court now focus on determining the amount of damages to be awarded and, perhaps, whether the definition of the class should be revised. After damages are determined, if requested, the court will permit the filing of another motion to reconsider concerning the issues of direct employment and joint employment.

These issues will have practical impact only if JK Boston does not have assets sufficient to pay the judgment in this case.

*See* June 6, 2012 Tr. at 7:19–8:7 (statement of plaintiffs' counsel). The court has discretion whether to grant a motion to reconsider. *See Allen*, 573 F.3d at 53. Inequitable conduct, if any, with regard to JK Boston's assets will weigh against granting a renewed motion to reconsider.

## IV. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Defendants' Motion for Reconsideration (Docket No. 212) is DENIED, without prejudice to being renewed concerning the issues of direct employment and joint employment after damages are determined.

2. The parties shall confer and, by October 1, 2013, report their respective positions concerning the issues of damages and class definition, and the schedule on which this case should proceed.

3. A conference shall be held on October 15, 2013, at 3:00 p.m., to develop a schedule to resolve the outstanding issues in this case, particularly damages and the possible amendment of the definition of the class.