15-1275-ag (L)
*R & S Waste Services, LLC v. NLRB*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of June, two thousand sixteen.**

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> DENNY CHIN,
> > *Circuit Judges.*

---

R & S WASTE SERVICES, LLC,

> *Petitioner-Cross-Respondent*,

> v.

NATIONAL LABOR RELATIONS BOARD,

> *Respondent-Cross-Petitioner.*

15-1275-ag(L)
15-1753-ag(XAP)

---

NATIONAL LABOR RELATIONS BOARD,

> *Petitioner*,

> v.

R & S WASTE SERVICES, LLC, ROGAN BROTHERS SANITATION, INC.,

> *Respondents*.

15-1751-ag(CON)

For Petitioner-Cross-Respondent:        MICHAEL J. MAURO, New Rochelle, New
                                         York.

For Respondent-Cross-Petitioner:        ERIC WEITZ, Attorney, Kira Dellinger Vol,
                                         Supervisory Attorney, National Labor
                                         Relations Board, Washington, DC.

Petition for review and cross-petition for enforcement of an order of the National Labor Relations Board.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED** and the cross-petition for enforcement is **GRANTED**.

Petitioner-Cross-Respondent R & S Waste Services, LLC ("R&S") seeks review of an order of the National Labor Relations Board ("the Board") finding it and a related waste services company, Rogan Brothers Sanitation, Inc. ("Rogan Brothers"), jointly and severally liable for violations of the National Labor Relations Act ("the Act"). R&S contends that its rights under the Due Process Clause of the Fifth Amendment were violated when the administrative law judge ("ALJ") granted a motion by General Counsel for the Board to amend its complaint to add an alternative theory of liability midway through the hearing. The Board, as Respondent-Cross-Petitioner, seeks enforcement of its order in full. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Our review of the Board's legal conclusions is deferential. *Long Island Head Start Child Dev. Servs. v. NLRB*, 460 F.3d 254, 257 (2d Cir. 2006). We will affirm the Board's order "where its legal conclusions are reasonably based, and its factual findings are supported by substantial

evidence on the record as a whole." *NLRB v. Katz's Delicatessen of Houston St., Inc.*, 80 F.3d 755, 763 (2d Cir. 1996).

"Due process requires the Board to afford an alleged violator [with] notice and an opportunity for a hearing on a charge under the Act." *Pergament United Sales, Inc. v. NLRB*, 920 F.2d 130, 134 (2d Cir. 1990). "In the context of the Act, due process is satisfied when a complaint gives a respondent fair notice of the *acts* alleged to constitute the unfair labor practice and when the *conduct* implicated in the alleged violation has been fully and fairly litigated." *Id.* (emphasis added) (citing *Coca Cola Bottling*, 811 F.2d at 87; *NLRB v. Chelsea Laboratories, Inc.*, 825 F.2d 680, 682 (2d Cir. 1987)). Because our framework for analyzing due process challenges focuses on the acts constituting the alleged unfair labor practices violations rather than on the specific provisions alleged to have been violated, a complaint need not "state the legal theory upon which the General Counsel intends to proceed" to satisfy the Fifth Amendment. *Id.* at 135; *see also Serv. Emps. Int'l Union, Local 32BJ v. NLRB*, 647 F.3d 435, 446-47 (2d Cir. 2011). Where the Board finds a violation that was not charged in its original complaint and never incorporated by subsequent amendment, we will affirm that finding so long as "the issue is closely connected to the subject matter of the complaint and has been fully litigated." *Serv. Emps. Int'l Union*, 647 F.3d at 447. In such circumstances, the question "whether a charge has been fully and fairly litigated is so peculiarly fact-bound as to make every case unique." *Pergament*, 920 F.2d at 136.

This case presents a much easier question, for we are not dealing with a legal theory that was never advanced by General Counsel. Rather, the single employer theory was added into the case before General Counsel rested its case in chief. Given the substantial similarities between the alter ego theory of liability, which remained in General Counsel's complaint throughout the

hearing, and the single employer theory, which General Counsel offered as an alternative basis for holding R&S and Rogan Brothers jointly and severally liable for certain violations of the Act, *see Radio & Television Broad. Technicians Local Union 1264 v. Broad. Serv. of Mobile, Inc.*, 380 U.S. 255, 256 (1965) (noting that the single employer test examines "interrelation of operations, common management, centralized control of labor relations and common ownership"); *Lihli Fashions Corp. v. NLRB*, 80 F.3d 743, 748 (2d Cir. 1996) (noting that under an alter ego analysis courts must consider "whether the two enterprises have substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership"), there was no prejudice. General Counsel first notified R&S that it intended to pursue the single employer theory with two months left in an extended recess of the hearing, and formally amended its complaint to add the single employer theory before it had rested its case in chief. There is no question R&S had ample opportunity to consider and implement any minor adjustments to its strategy that may have been warranted in light of this new theory even before beginning to present its case in chief.

R&S's argument that the mid-hearing amendment precluded it from defending against the single employer theory through cross-examination of General Counsel's witnesses has no merit. As the Board aptly points out in its brief, R&S does not explain why it could not have simply recalled any of General Counsel's witnesses. Indeed, in the case of at least one witness previously examined by General Counsel, Local 813's business agent, counsel for R&S initially told the ALJ he would be recalling the witness but later changed his mind and released the witness from his subpoena as a matter of "trial strategy." J.A. at 793-94.

4

R&S additionally contends it was prejudiced by a lack of opportunity to show that a certain third entity, ARJR, was the "true single employer" with Rogan Brothers and thus R&S could not have been a single employer with Rogan Brothers. But the notion of a "true single employer" has no basis in the law; one company may easily share management and operations and otherwise interrelate with two or more other companies. For all of these reasons, we reject R&S's due process argument.

Similarly, we reject R&S's contention pursuant to Section 5 of the Administrative Procedure Act, which it raises for the first time on appeal. *See* 29 U.S.C. § 160(e) ("No objection that has not been urged before the Board . . . shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstance."); *Pergament*, 920 F.2d at 134-35 ("Even assuming the APA may be raised for the first time on appeal, it is of no assistance to petitioners here because it requires the same analysis regarding full and fair litigation that the Board's rules require.").

We have considered all of R&S's remaining arguments and find them to be without merit. Accordingly, R&S's petition for review is **DENIED** and the Board's cross-petition for enforcement is **GRANTED**.

The Board has also moved for enforcement of its order against Rogan Brothers. Under Fed. R. App. P. 15(b)(2), if respondent does not answer within 21 days after the application for enforcement is filed, "the court will enter judgment for the relief requested." Rogan Brothers' answer was due on June 19, 2015, and despite an order of this Court warning that unless counsel appeared for the corporation by August 17, 2015, Rogan Brothers would be "deemed in default on the appeal," Rogan Brothers has never entered an appearance in this case. Accordingly, we

5

**GRANT** the Board's motion and enter judgment enforcing the Board's Order against Rogan Brothers.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk